HAVERTY FURNITURE COMPANY, a corporation, and CLARENCE SIMPSON, v. McKESSON & ROBBINS, INC., a corporation, for itself and for the use and benefit of JOHN H. SHARP.

19 So. (2nd) 59        ,                    June Term, 1944
August 1, 1944                                     Division B
Rehearing denied September 7, 1944

*Marks, Marks, Holt & Yates,* for appellants.

*Osborne, Copp & Markham* and *J. Henson Markham,* for appellee.

BROWN, J.:

This case is before us on appeal by the defendants below, Haverty Furniture Co., a corporation, and Clarence Simpson, from a judgment for $15,000.00 damages in favor of the plaintiff below, McKesson & Robbins, Inc., a corporation, suing for itself and for the use and benefit of John H. Sharp, in action at law for damages for personal injuries to Sharp, an employee of McKesson & Robbins, Inc., alleged to have been caused by the negligence of defendant's truck driver, Clarence Simpson, on December 19, 1940. The declaration was filed May 4, 1942, to which defendant filed pleas of the general issue and contributory negligence. The case came on for trial on August 9, 1943, and verdict in favor of plaintiff was rendered August 11, 1943, and judgment entered on the same day. Defendant filed motion for new trial, which was denied November 29, 1943, and this appeal was taken December 15, 1943.

John H. Sharp died December 11, 1942, a little over seven months after the action was begun, and about eight months before the trial was had. It is admitted that his death resulted from causes wholly unconnected with the accident. The defendants filed a motion to stay proceedings until Sharp's personal representative should qualify and become a party to the cause, and a plea in abatement based upon the non-joinder of Sharp's personal representative as a real party at interest and a necesary party to the cause. The court

denied the motion to stay and sustained a demurrer to the plea in abatement.

The declaration alleged that plaintiff had at all times complied with the Florida Workmen's Compensation Act; that when Mr. Sharp was injured; he was an employee of plaintiff and engaged in his duties as such employee, and was entitled to and did thereafter duly elect to accept compensation and medical attention under said Act, and gave due notice of such election, and that this suit was brought by plaintiff under said Act for itself and for the use and benefit of John H. Sharp. The declaration alleged the nature of the serious injuries which Sharp had suffered, which required medical attention, hospitalization, medicines, X-rays, etc., (costing $461.15, according to the bill of particulars) and that he had suffered great pain and anguish and would continue to so suffer permanently, and was rendered incapable of performing his duties and services. We might at this point say that the bill of particulars showed that Mr. Sharp received a salary of $210.00 per month and a bonus based on volume of sales which averaged $25.00 to $50.00 per month, thus making his earnings about $2,800.00 per year; that he was totally unable to work for three months following his injury, and when he returned to work he was not as alert and vigorous as formerly and was incapable of covering his territory in Duval County outside the city limits of Jacksonville and had to relinquish the outside territory, thereby losing a salary increase of $50.00 per month which would otherwise have been given to him beginning a few weeks after his injuries. There was no evidence of loss of earnings except for the three months following the accident. The evidence showed that Mr. Sharp was thirty-seven years of age at the time of his injury, and that he continued to suffer mental and physical pain after the accident until his death two years later from causes not related to the accident.

This suit was brought under the provisions of the Florida Workmen's Compensation Act. See Section 440.39, Florida Statutes, 1941. In so far as there is any conflict between the provisions of the cited Section of the statute and Section 45.01, F.S. 1941, relating to the bringing of civil actions at

law in the name of "the real party in interest," the first cited Section (440.39), dealing as it does with a particular matter, must control.

Did the trial court err in denying defendant's motion for stay of proceedings until Sharp's personal representative should qualify and in sustaining the demurrer to defendants' plea in abatement based upon the non-joinder of Sharp's personal representative as a party to the cause, which motion and plea were filed after Sharp's death but before the case was set for trial? We think not.

Obviously, if a cause of action against the defendants below arose out of this accident, that cause of action vested immediately and entirely in Mr. Sharp. Thereafter when Mr. Sharp elected to take workmen's compensation under the Act, that cause of action was by operation of law assigned to his employer, McKesson & Robbins, Inc., which corporation, under the terms of the Act, became subrogated to such cause of action in its entirety, but subject to certain conditions imposed by the Act as to the disposition of the proceeds realized from said cause of action and as to any compromise thereof. It was, in effect, a conditional assignment in so far as it concerned the disposition of the amount recovered by the employer on the assigned cause of action or secured by it by way of compromise judicially approved after notice to the assignor, but the cause of action itself was, by the statute, completely assigned, and the statutory assignee was entitled to bring action thereon and control the conduct of such action, subject only to those certain conditions set forth in the statute.

Thus, paragraph 2 of Section 440.39 reads:

"The giving of notice to accept such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

True it is that further on in the same section the statute provides that such employer shall not compromise any action brought by him without judicial approval, after first proving the giving of five days notice thereof to the person entitled to compensation, and that from any amount recovered by or

paid to the employer, by compromise or otherwise, on the strength of such assignment, the employer may deduct or retain the expense of the proceedings, the cost of all benefits furnished by him to the employee under Section 440.13, F.S. 1941, the amounts paid as compensation, and the present value of all future amounts payable as compensation, which latter amount is to be retained by the employer as a trust fund to pay such compensation as it becomes due, and that "the employer shall pay any excess to the person entitled to compensation or to the representative."

The words "or to the representative" must mean, in most cases at least, the personal representative,—the executor, administrator or administratrix of the employee's estate,—should such employee die before such "excess" is realized and becomes payable.

These rights of Mr. Sharp, or his "representative," to any possible "excess," as well as the employer's own rights, were doubtless what caused the bringing of this suit by McKesson & Robbins, Inc., "suing for itself and for the use and benefit of John H. Sharp." This method of bringing this action, while not necessary, was permissible, a method that is quite customary in actions of this kind, and is doubtless based on the reasoning in Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 866, and the familiarity of counsel with our long standing "real party in interest" statute, 45.01, supra. However, that statute expressly provides that it shall not be deemed to authorize the assignment of "a thing in action not arising out of contract," that is, a cause of action arising purely out of a tort. See Knight v. Empire Land Co., 55 Fla. 301, 45 So. 1025, 1028.

Section 440.39, E.S. 1941, does not require that an action of this kind be brought "for the use and benefit" of the injured employee, as well as for the employer, as was done in this case. Obviously Mr. Sharp had an interest in the proceeds of the action if the recovery exceeded the amount of the statutory reimbursement which his employer was entitled to retain, but under said Section 440.39, the employee, Sharp, having given notice of acceptance of compensation under the statute, "all right" of his to recover damages from the defend-

ants in this cause was completely assigned to his employer, McKesson & Robbins, Inc., which corporation was the only necessary and indispensable party plaintiff. While Sharp may have been a "proper" party plaintiff, or a proper "use" plaintiff, he was not, in our opinion, a *necessary* party plaintiff in either sense, and hence the court below did not commit any prejudicial error in denying the defendant's two motions herein above referred to. These views are supported by the rationale of the following cases: Lovejoy Co. v. Ackis, 16 So. (2nd) 297, 153 Fla. 876; Bituminous Casualty Corp'n. v. Williams, 17 So. (2nd) 98, 154 Fla. 191; Aetna Life Ins. Co. v. Moses, 287 U. S. 530, 77 Law ed. 477; Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 5 C. J. 1008. The rule with reference to the revival of an action after the death of a party is only applicable where such party was a necessary and indispensable party. Izlar v. Slyke, 94 Fla. 1218, 115 So. 516, 1 C.J.S. 213.

We have many cases distinguishing between those who are merely proper parties and those who are necessary or indispensable parties, but we do not deem it necessary to discuss them here. The question is also treated in 39 Am. Jur. 852-871. The question here is mainly one of statutory construction.

Appellant raises the question whether the cause of action sued upon died when Mr. Sharp died. The contention is that prior to 1931, when the case of Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780, was handed down, the common law rule, to the effect that actions for personal injuries died with the person, was fully recognized and applied in this jurisdiction, and that as late as 1933 this Court adhered to such rule in the case of Florida East Coast Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631, and that there is some doubt as to whether that question, or merely the question of the availability of writ of prohibition, was settled in the case of State ex rel. Wolfe Const. Co. v. Parks, 129 Fla. 50, 175 So. 786. The writer dissented in the Waller case and Mr. Justice ELLIS concurred in that dissent; and in the Parks case, supra, the same two justices contended that writ of prohibition did not lie in that case, but concurred specially

in the order discharging the rule nisi in prohibition. However, the majority held that, under Section 4211 C.G.L., now Section 45.11, Fla. Stats. 1941, all actions for personal injuries survived and could be maintained by the personal representative of the injured party, except those enumerated in the statute, to wit: assault and battery, slander, false imprisonment, and malicious prosecution. In the recent case of In re: Moore's Estate, 153 Fla. 480, 15 So. (2nd) 55, in which the factual situation was entirely different from that involved here, we held that this statute, 45.11 F.S.A., deals with the abatement by death of actions pending for damages suffered by the plaintiff, and does not authorize the commencement of a suit by the personal representative of the injured person in the first instance. But in the case at bar the action was commenced during the lifetime of the injured party by the employer acting under the authority of Section 440.39 F.S. 1941, which clearly authorized the bringing of this action.

Did the *cause of action,* and *the action* itself, in this case, die with the death of the injured employee, whose cause of action had been assigned under the statute to the plaintiff employer and the action brought thereon before his death? We think not.

The above question was not discussed and probably not raised in the case of McDougald v. Imler, 153 Fla. 619, 15 So. (2nd) 418, cited by appellee, but that was a case where, in an action for personal injuries sustained in an automobile accident the plaintiff died pending the second appeal here and his daughter was appointed administratrix and was substituted as plaintiff, and the action proceeded on an amended declaration, resulting in a third verdict and judgment for plaintiff, which on appeal was affirmed, subject to a required remittitur.

However, the point was, in our opinion, clearly and definitely settled prior to the above decision in the case of Kahn v. Wolf, 151 Fla. 863, 10 So. 553, which also was an action for damages for injuries suffered by plaintiff in an automobile collision. In that case the alleged wrongdoer died before the action was instituted. In the opinion of Mr. Justice THOMAS in that case it was said: "It is true that in the

Waller case damages were claimed for injury to property as well as the person, but a study of the decision has convinced us that the court intended to hold that a 'right of action' for personal injuries survived. . . . We, therefore, must decline to recognize this finely drawn distinction between the survival of actions and the survival of causes of action."

While the right given the employer under said Section 440.39 to sue on the employee's right of action and to proceed with the action without the appointment of an administrator where, as here, the employee dies pending the action, is recognized as being applicable on the facts of this case, as above held, we do not mean to hold that circumstances may not arise which might require the appointment and qualification of a personal representative pending suit, such, for instance, as where a proposition of compromise is made which the plaintiff employer is willing to accept, and of which proposal the employee, if living, or his personal representative if the employee has died, is entitled to notice under the statute before the compromise is acted upon by the court. And certainly if the case proceeds to trial and a judgment is rendered after the employee's death for an amount in excess of that which under the statute the employer is entitled to retain, a personal representative of the deceased employee might well prove to be the only person who could lawfully receive such excess and give a binding receipt therefor, or see to it that the correct amount of such excess was accounted for and paid if any question should arise on that score. But that question has not been presented here.

Our view, like that of the trial court, is that the statutory assignment to plaintiff below was of "all right" Sharp had to recover from the defendants by way of damages sustained by him up to the time of his death arising from the negligence of the defendants as alleged in the declaration, which damages would include pain and suffering, both physical and mental, endured by him as a result of the negligent injuries from the time of their infliction until the time of Sharp's death about two years later from causes not related to the accident, as well as the loss of income from diminished earning capacity during that period, and also the amount of expenses

reasonably incurred for doctors' bills and hospital bills by reason of such injuries but not exceeding the amounts shown by the bill of particulars. There was of course no need to calculate the period of Sharp's life expectancy according to ·mortality tables; indeed, under the facts of this case, such attempt, if it had been made, would have been inadmissible in view of the admitted fact of his death two years later from other unrelated causes. The only damages recoverable here must be limited to this two year period extending from the time of the accident to the date of his death.

Appellant contends that Mr. Sharp's pain and suffering were personal to him and cannot be assuaged vicariously by the payment of damages to his widow or personal representative, and cannot rightfully be paid to either of them for a non-fatal injury when, if the injury has been severe enough to cause death, neither of them could have recovered such elements of damages, citing Florida East Coast Railway Co. v. Hayes, 67 Fla. 101, 64 So. 504, and Florida Central etc. Ry. Co. v. Foxworth, 41 Fla. 1, 25 So. 338, and other similar cases. These cited cases were brought under our "Wrongful Death Statute," now appearing as Sections 768.01 and 768.02 of Fla. Statutes, 1941, F.S.A., under which statute none of the successive parties in interest have any right to recover damages for the pain and suffering of the deceased, and appellant contends that the Legislature enacted the Workmen's Compensation Law in the light of the existing statute referred to. But this action was not brought under the wrongful death statute, and could not have been so brought, because Mr. Sharp's death was not caused by the injuries alleged to have been caused by the negligence of these defendants.

The foregoing contention is, in effect, that while recovery for Sharp's pain and suffering might have been had by the employer-assignee had Sharp not died before trial, his death made such elements of damage unrecoverable. But the right which the statute assigned to the plaintiff employer was, as we have seen, "all right" of the employee to recover damages for the injury wrongly inflicted upon him, obviously including his pain and suffering; and this right of action, as we have above held, was not abated or destroyed by the death of the

employee from other causes, and is a right of action entirely separate and distinct from that created by the death by wrongful act statute. This is made plain by the learned opinion of Mr. Chief Justice DAVIS in Florida East Coast Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631, wherein inter alia he said that the statutory action for wrongful death is not maintainable "for the recovery of the damages that have resulted to the deceased himself, and hence by survival to his estate, but is only maintainable under the statute for the recovery of compensation for the loss resulting to the statutory beneficiaries when occasioned to such beneficiaries, not to the deceased, by the death complained of." See also In re. Moore's Estate, supra.

We have carefully considered the contentions of the appellants to the effect that the court below erred in denying those grounds of the motion for new trial going to the sufficiency of the evidence to sustain the verdict. Appellant contends that the evidence showed that the defendant's truck driver was free from negligence, and also showed that the injured party, Mr. Sharp, was guilty of contributory negligence. A careful review of the record shows that the testimony is in conflict on both these points. It is true that the numerical superiority of witnesses was on the side of the defendant. But as we view it, and as the able trial judge viewed it, there was competent credible testimony sustaining the allegations of plaintiff's declaration, and disproving the defendant's plea of contributory negligence. On this record these were jury questions, pure and simple, a question of what testimony the jury believed to be true and what they believed to be untrue and not entitled to credit. We would not be justified in holding the trial court in error in overruling those grounds of the motion for new trial.

But there was one ground of the motion which has given us grave concern—the ground alleging that the verdict was excessive. After careful consideration we have reached the conclusion that this ground had merit. The verdict was for $15,000, an amount greatly in excess of the $1,200.00 actual pecuniary loss shown. We realize the delicacy of the question of determining what amount should be allowed for pain

and suffering, physical and mental. But we cannot ignore the fact that mental and physical pain and suffering continued for only about two years—the period intervening between the injuries and the death of Mr. Sharp, and our view is that any verdict in this case for more than $10,000 would be excessive.

Accordingly, the judgment will stand affirmed provided the plaintiff below shall within thirty days enter a remittitur in the amount of $5,000; otherwise the judgment shall stand reversed and a new trial be awarded.

It is so ordered.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.