60 So.2d 489 (1952)
FIDELITY & CAS. CO. OF NEW YORK
v.
BEDINGFIELD et al.
Supreme Court of Florida, Special Division B.
August 5, 1952.
Rehearing Denied October 3, 1952.
*491 Leo M. Alpert, Miami, for petitioner.
John C. Wynn, Miami, for respondent.
MATHEWS, Justice.
There has been filed a petition for a writ of certiorari to review a final order of the Circuit Court of the Eleventh Circuit denying the petitioner's motion to be added as a party plaintiff in a pending common law suit for personal injuries.
An employee of a drive-in lunchroom in Dade County was severely injured by an automobile owned by Richard D. Morales, which was being operated by his wife, with his knowledge, consent and permission. The petitioner was the Workmen's Compensation insurer of the drive-in lunchroom. The injured employee filed her claim against the employer and the carrier, and the carrier at the time of the motion to intervene in the suit had paid the sum of $6,750 as required by the Workmen's Compensation Law.
The employee filed a complaint in the Circuit Court in Dade County as sole plaintiff against Morales and his wife, claiming $300,000 damages for loss of her earnings, pain and suffering, maiming and disfigurement, and medical expenses growing out of the accident. At the time suit was filed by the employee, she also filed in the suit a notice directed to the Workmen's Compensation insurer, the petitioner herein, advising the petitioner it would file notice of payment of Workmen's Compensation benefits pursuant to section 440.39, F.S.A. Later on the petitioner filed a motion in the pending cause in the Circuit Court to be added as a party plaintiff under Common Law Rule 17, 30 F.S.A. In that motion, the petitioner here stated:
"7. That The Fidelity & Casualty Company of New York by virtue of its right of subrogation desires to be represented, insofar as its interest is concerned, by counsel of its own choosing for the reason that such Company engages its own counsel in its own discretion, this right of representation being asserted without any reflection upon Plaintiff's counsel, John C. Wynn, Esq., a most able member of the Bar.
"8. That The Fidelity & Casualty Company of New York by virtue of its right of subrogation desires to be represented, insofar as its interest is concerned, by counsel of its own choosing for the additional reason that the interest of Emma D. Bedingfield may not and would reasonably appear not to coincide with the interest of The Fidelity & Casualty Company of New York in several events; as, for example, in the event of a recovery in this cause equal to or less than the amount of compensation benefits paid and to be paid in the future; or in the event of settlement of this cause on the basis of that attempted in Common Law Action No. 26160 entitled `Richard D. Morales and Freida Morales, his wife; and Hartford Accident and Indemnity Company, a corporation authorized to do business in the State of Florida, Plaintiffs, vs. Florida Industrial Commission, a body politic of the State of Florida; Colonel Jim's Trail, Inc., a Florida corporation; Emma D. Bedingfield; and Fidelity and Casualty Company of New York, a corporation authorized to do business in the State of Florida, Defendants', still pending in this Court, as by reference to said cause will appear; or in the event of an attempted settlement of the instant suit without the consent and approval of the Compensation Carrier; this enumeration of conflict of interests not being exclusive of other likely conflicts.
"9. That, however, The Fidelity & Casualty Company of New York and Emma D. Bedingfield have the same interest insofar as a successful prosecution of this cause is concerned.
"10. That, by virtue of the foregoing, The Fidelity & Casualty Company *492 of New York does not deem that it is liable to the Plaintiff's attorney for attorney's fees in the event of any recovery herein; and at the appropriate time will move this Court for an Order so stating; it appearing premature to pray for such ruling in this Motion, but the rights of the Compensation Carrier in that regard not being waived or intended to be waived."
That on March 17th, 1952 an order was made and entered in the Circuit Court in the pending suit denying the motion to be made party plaintiff reading as follows:
"This cause coming on to be heard upon the motion of The Fidelity & Casualty Company of New York, a corporation, that it be added as a party plaintiff herein, the Court having heard argument of counsel and being advised in the premises, finds that in view of the provision of sub-section (3) of Section 440.39, Florida Statutes, as amended, which provides that the employee plaintiff shall have an option as to the designation of party plaintiffs, and further provides that the employer insurance carrier may file in the suit a notice of payment of compensation and medical benefits, which shall constitute a lien upon any judgment recovered, that The Fidelity & Casualty Company of New York, a corporation, who is the insurance carrier of the employer of the plaintiff in this cause, is not entitled to be joined as a party plaintiff herein under the provisions of said statute; and
"It is therefore considered and ordered that said motion be and the same is hereby denied."
This petition for certiorari is filed to review the above quoted order.
The petitioner has raised two questions in its' brief: "(1) Under Chapter 26546 of the Acts of 1951 (Sec. 440.39 F.S. 1951), when an employee injured by a third party tort-feasor has claimed and been paid compensation and has also sued the third party tort-feasor in the name of the employee alone, does the Compensation Carrier have a right to intervene as a party plaintiff in such lawsuit?", and "(2) If such intervention is denied, is the Act constitutional?".
As to the second question, in its' brief, the petitioner stated that it did not wish to raise the constitutionality of the law, and the question was not argued in the brief, or before the Court on oral argument, therefore, the second question was abandoned by petitioner and it is unnecessary that it be considered in this proceeding.
The Workmen's Compensation Law was unknown to the Common Law. Prior to the enactment of these laws an injured employee could not be compensated for damages received for personal injuries, or damages occasioned by an accident, from the employer unless his claim was based upon the negligence of such employer. Law suits were expensive and the employer had the right to raise such defenses as contributory negligence, fellow-servant's negligence and assumption of risk. Workmen's Compensation Laws have been enacted in all of the states in the Union so that employees could be at least partially compensated for injuries received in highly organized and hazardous industries of modern times whether the injury was caused by negligence of the employer or otherwise. These laws create administrative boards and commissions and provide for immediate and certain payment to be borne by the employer and without the necessity of proof of negligence or long drawn-out and expensive law suits and the uncertainty of the result of such law suits. As a part of these compensation laws we have the compensation insurer, whereby for certain premiums paid by the employer, the compensation insurer undertakes to make the payments provided for by law in the case of accident which produces injury. The first Workmen's Compensation Law in Florida was enacted in 1935 and was Chapter 17481 which is now Chapter 440 F.S.A. Among other provisions of the original Act is Section 440.39 F.S.A., which was amended by Chapter 26546, Laws of Florida, 1951. Prior to the amendment of 1951, this section provided that if the employee was injured in the course of his employment by *493 a third party tort-feasor the employee must make an election to take compensation or pursue his action at law in the civil courts against the third party tort-feasor. Notice of election must have been given within 30 days from the date of the accident, and the giving of the notice to accept compensation operated as an assignment to the employer's insurance carrier of all right of the injured employee against the third party tort-feasor. Out of the amount recovered against the third party tort-feasor the employer's insurance carrier would retain all expenses incurred in the prosecution of the law action, including a reasonable attorney's fee, and all workmen's compensation benefits and compensation paid to the injured employee, and would also retain an amount equal to the present value of all future compensation to be paid the injured employee. Whatever was left, if any, was then paid over to the injured employee.
It should be noted that prior to the amendment when an employee made an election to accept compensation, the employee had no right whatsoever to maintain or control a suit against a third party who caused his injury and the injured employee was practically at the mercy of the employer or the insurance carrier. Many situations arose throughout the state which resulted at times in injustice to the employee. Many situations have arisen where the employee was injured by a third person and the same insurance company was the compensation insurer for the employer and also carried liability insurance for the third person. In such a situation it would be to the interest of the insurance company as the compensation insurer to settle or collect damages against the third person only for the amount the insurance carrier would be required to pay under the terms of the Workmen's Compensation Law, and as the carrier of the liability insurance for the third person, it would be to the interest of such insurance company to pay no more than it would be required to pay as the compensation insurer. On the other hand, it would be to the interest of the employee to be fully compensated in damages from the third person, including such elements of damage as pain and suffering, mental anguish, or consortium, which are not covered by the Workmen's Compensation Law. In addition to that, it would be to the interest of the employee to receive full compensation for injuries, whether total or permanent, and based upon earnings and life expectancy. It would be to the interest of the insurance company to hold the damages down to no more than it would be required to pay under the Workmen's Compensation Law.
In considering the amendment of 1951, it is presumed that the Legislature knew of these inconsistent positions in which the law, as it existed prior to 1951, placed the compensation insurer. It was to remedy or correct these evils and injustices which had become apparent from the actual operation and administration of the Workmen's Compensation Law that the Legislature amended Section 440.39 F.S.A. in 1951.
There can be no question that the acceptance of the Workmen's Compensation Law by the employee, employer and insurance carrier constitutes a contract between the parties which embraces all of the provisions of the law as they exist at the time the employee sustains an injury. See Section 440.01, et seq., F.S.A.; Chamberlain v. Florida Power Corporation, 144 Fla. 719, 198 So. 486; Hardware Mutual Casualty Company v. Carlton, 151 Fla. 238, 9 So.2d 359; Stansell v. Marlin, 153 Fla. 421, 14 So.2d 892; and Florida Forestry and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251.
The 1951 amendment to Section 440.39 F.S.A. made drastic changes. It abolished the election requirement, and provides that an injured employee may claim workmen's compensation benefits and at the same time institute suit against a third party tort-feasor. It further provides that such suit may be brought in the name of the injured employee as plaintiff, or, at the option of the injured employee, may be brought in the name of the injured employee and for the use and benefit of the employer or insurance carrier, as the case may be, as plaintiffs. In the event the injured employee fails to bring suit against a third party tort-feasor within one year after the cause of action shall have accrued, the employer *494 or his insurance carrier may institute such suit. When a suit is filed, the employer or his insurance carrier may file in the suit a notice of payment of compensation benefits and the same shall constitute a lien upon any judgment recovered to the extent that the Court may determine to be their pro rata share for compensation benefits paid under the provisions of the law, based upon such equitable distribution of the amount recovered as the Court may determine, less their pro rata share of all court costs expended by the plaintiff-employee in the prosecution of the suit. This amendment simply gives the injured employee the right to control his own law suit against a third party tort-feasor, and provides for limited subrogation on an equitable basis.
The petitioner claims the right to intervene under Common Law Rule 17 as well as Section 45.06 F.S.A. Common Law Rule 17 reads as follows:
"Misjoinder of parties shall not be ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."
The above Rule and Section 45.06. F.S.A., should be construed together, and also in connection with Section 45.01, F.S.A., which in part reads as follows:
"Any civil action at law may be maintained in the name of the real party in interest. This shall not be deemed to authorize the assignment of a thing in action not arising out of contract."
The case of Haverty Furniture Co. v. McKesson & Robbins, 154 Fla. 772, 19 So.2d 59, 60, definitely settled this question against the petitioner. The Court said:
"This suit was brought under the provisions of the Florida Workmen's Compensation Act. See Section 440.39, Florida Statutes 1941, F.S.A. In so far as there is any conflict between the provisions of the cited Section of the statute and Section 45.01, F.S. 1941, F.S.A., relating to the bringing of civil actions at law in the name of `the real party in interest,' the first cited section (440.39), dealing as it does with a particular matter, must control. * * *
"Obviously, if a cause of action against the defendants below arose out of this accident, that cause of action vested immediately and entirely in Mr. Sharp. Thereafter when Mr. Sharp elected to take workmen's compensation under the act, that cause of action was by operation of law assigned to his employer, McKesson & Robbins, Inc., which corporation, under the terms of the act, became subrogated to such cause of action in its entirety, but subject to certain conditions imposed by the act as to the disposition of the proceeds realized from said cause of action and as to any compromise thereof. It was, in effect, a conditional assignment in so far as it concerned the disposition of the amount recovered by the employer on the assigned cause of action or secured by it by way of compromise judicially approved after notice to the assignor, but the cause of action itself was, by the statute, completely assigned, and the statutory assignee was entitled to bring action thereon and control the conduct of such action, subject only to those certain conditions set forth in the statute."
The Workmen's Compensation Law deals with a particular matter and in the opinion in Haverty Furniture Co. v. McKesson & Robbins, supra, the Court further said:
"This method of bringing this action, while not necessary, was permissible, a method that is quite customary in actions of this kind, and is doubtless based on the reasoning in Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886, and the familiarity of counsel with our long standing `real party in interest' statute, 45.01, supra. However, that statute expressly provides that it shall not be deemed to authorize the assignment of `a thing in action not arising out of contract,' that is, a cause of action arising purely out *495 of a tort. See Knight v. Empire Land Co., 55 Fla. 301, 45 So. 1025, 1028."
We should not lose sight of the fact that the compensation insurer has no right of subrogation and no right of assignment in this case except that given it by the Statute.
Petitioner further contends that even if it had no right to intervene that the suit should have been brought by the employee for herself and for the use and benefit of petitioner. In other words, petitioner insists that its name should have been in the suit and if it did not have the right to place it there itself, it was the duty of the plaintiff-employee to show that the suit was brought for her and for the use and benefit of The Fidelity & Casualty Company of New York, a corporation, and that if the suit had been so brought, it would have had some kind of control over the prosecution of the suit or any settlement or compromise which may be made. This question was also settled in the case of Haverty Furniture Co. v. McKesson & Robbins, supra, when the Court said:
"Section 440.39, F.S. 1941, [F.S.A.] does not require that an action of this kind be brought `for the use and benefit' of the injured employee as well as for the employer, as was done in this case. Obviously Mr. Sharp had an interest in the proceeds of the action if the recovery exceeded the amount of the statutory reimbursement which his employer was entitled to retain, but under said Section 440.39, the employee, Sharp, having given notice of acceptance of compensation under the statute, `all right' of his to recover damages from the defendants in this cause was completely assigned to his employer, McKesson & Robbins, Inc., which corporation was the only necessary and indispensable party plaintiff. While Sharp may have been a `proper' party plaintiff, or a proper `use' plaintiff, he was not, in our opinion, a necessary party plaintiff in either sense, and hence the court below did not commit any prejudicial error in denying the defendant's two motions herein above referred to."
There are multiplied thousand of cases not covered by Workmen's Compensation Laws where people are insured against accidents to provide a certain definite amount from the insurance company for the loss of an eye, or a leg, or an arm, or where in the event of total disability, a certain amount of money will be paid to the insured. In the absence of a law or a contract specifically providing for it, insurance companies do not have the right of subrogation against the party causing such injury. In this case without the Statute, the compensation insurer would have no right of subrogation. Workmen's Compensation Laws are enacted because they deal with a matter of great public interest and are enacted under the police power of the State. When compensation insurers seek or accept the benefits of subrogation as provided for by the law, they must also accept the rules, regulations, burdens and conditions which go with the right of subrogation as provided by law.
It is true that in the case of Haverty Furniture Co. v. McKesson & Robbins, supra, the case was in reverse in that the law then provided for complete control of the litigation by the employer or the compensation insurer. The same principle prevails with the amended law where the injured employee is given control of the case. The law, as amended, is plain and unambiguous and it should be construed within its four corners.
The petition is denied.
SEBRING, C.J., THOMAS, J., and HOCKER, Associate Justice, concur.