SEBRING, Justice.
The petitioner, Arex Indemnity Company, seeks by writ of certiorari to obtain a review of an order of the Industrial Commission affirming an order of a deputy commissioner which awarded continued workmen’s compensation payments to the respondent, George Radin, for total permanent disability.
The merits of the respondent’s claim •for compensation are not in issue, it being conceded that he was injured in a compen-sable accident while in the employ of petitioner’s insured and, for the purposes of this proceeding, that he is in fact totally permanently disabled. Petitioner provided medical benefits under the Act and began compensation payments initially without an award, and, upon a recovery by claimant in a common-law action against the third-party tort-feasor as authorized by section 440.39(1) of the Act, the carrier filed in that action a claim for adjudication of its subrogation rights under paragraphs (2) and (3) of section 440.39. These rights were duly determined by the circuit court, as contemplated by the statute, and its award to the carrier was approved by this Court in an appeal prosecuted by the carrier to contest the sufficiency of the amount awarded it as subrogee. Arex Indemnity Company v. Radin, Fla., 72 So.2d 393.
The carrier thereafter ceased compensation payments, and the respondent initiated the present proceeding by the filing of a claim before the deputy commissioner for further compensation benefits. In the proceeding the carrier contended that the third-party suit and settlement had terminated its liability under the Act; and from adverse rulings it proceeds in this Court solely upon the theory “that the rights of the petitioner have been determined by and under a law (F.S.A. § 440.39) which is unconstitutional and void and that the order of the full commission awarding respondent additional compensation and medical benefits is for that reason void.”
This contention would appear to have been fully and correctly disposed of by the order of the deputy commissioner awarding further compensation herein:
“Sec. 440.01 up to Sec. 440.38 [give] the claimant a set of benefits under the Workmen’s Compensation Law, strictly within the jurisdiction of the Commission. Sec. 440.39 allows an additional set of benefits subject to adjustment by the Circuit Judge, by way of a common law action against a third party. * * * The problem confronting the Circuit Judge is: What shall be done with the corpus of the recovery in the common law suit? The subject of compensation benefits comes into the picture in Sec. 440.39 only insofar as it affects the judgment of the Circuit Judge in dealing with the common law recovery. * * * there is no confusion as to the relative jurisdictions of the Commission and the Circuit Judge. * * * The problems of Sec. 440.39 are not the Commission’s. They belong to the Circuit Judge, to be resolved by the ingenuity of the Court or by amendment by the Legislature.”
The carrier, petitioner in this Court, fully recognizes that it is not entitled in the present proceeding to raise any question as to the sufficiency of the subro-gation award to it under section 440.39, since that question was duly adjudicated in the forum and manner provided by the statute and was affirmed upon appeal. It necessarily follows that, for the same reasons, the carrier is foreclosed at this point from attacking the validity of the statute under which the award was made, in respect to a claim for compensation by the same claimant for the same injury. And insofar as petitioner's claim before the commission in this cause purported to be for subrogation benefits in addition to those adjudicated in the former proceeding, the claim is for a benefit or remedy which the Legislature has not provided, and one *841 which, subrogation being a matter of grace, rests entirely within its discretion to grant or withhold Brinson v. Southeastern Utilities Service Company, Fla., 72 So.2d 37; Fidelity & Casualty Co. of New York v. Bedingfield, Fla., 60 So.2d 489; 2 Larson, Law of Workmen’s Compensation, Sec. 74.11.
The precise language of the statute is that when a carrier has paid compensation benefits to an employee, then to that extent it “shall be subrogated to the rights of the employee * * * against such third party tort-feasor * * * as provided by subsection (3) of this section ” Section 440.39(2) (Emphasis supplied.) Subsection (3) defines the limited nature of this right of subrogation, confining it to the right to a lien on the judgment “to the extent that the court may determine to be their pro rata share for compensation benefits paid/’ (emphasis supplied), and providing that in making an equitable distribution of the recovery the court costs and attorneys’ fees shall also be prorated.
The distinction between the limited nature of the subrogation right granted in this situation, and that granted in subsection (4), where the employee leaves to the carrier the burden of instituting suit, against the tort-feasor, should be apparent. The latter section provides specifically that the carrier shall have a right to claim as sub-rogee not only “All amounts paid as compensation and medical benefits,” but, in addition, “the present value of all future compensation benefits payable * * * to be retained as a trust fund from which future payments of compensation are to be made.” Section 440.39(4). (Emphasis supplied.)
But whether or not the Act contemplates the consideration of future compensation in the determination of a sub-rogation award to a carrier under Section 440.39(3), and whatever the extent of petitioner’s rights thereunder in this case, they were fully and completely adjudicated in the earlier proceeding, and cannot be litigated anew, on any issue, constitutional or otherwise, in the contest of a claim before the commission for compensation accruing subsequently.
The petition for certiorari should be denied.
It is so ordered.
MATHEWS, C. J., and TERRELL, THOMAS, HOBSON, ROBERTS and DREW, JJ., concur.