ALLEN, Chief Judge.
The appellant, as plaintiff in the lower court,, brought this action in its capacity as insurance carrier under section 440.39(4), Florida Statutes, F.S.A., to recover damages for injuries sustained by Richard L. Cheston. Cheston was seriously injured by a fall on the property owned and in the control of defendant city. At the time of the accident, Cheston was acting within the scope of his employment with Benton Wel-dong & Engineering Inc., which carries its workmen’s compensation insurance with the appellant, United States Casualty Company. The carrier paid compensation benefits to Cheston while he was recuperating from his injuries.
After Richard L. Cheston failed to take any action against the defendant city within one year from the date of his injury, the appellant sent written notice to the defendant city on January 13, 1959, informing the defendant that legal action would be instituted by appellant thirty days after receipt of the notice.
On February 16, 1959, the appellant, United States Casualty Company, for the use and benefit of Richard L. Cheston, filed suit against the defendant Town of Palm Beach seeking $250,000 damages. The defendant filed its answer denying negligence and setting up two affirmative defenses, (1) that the action was not instituted within one year from the date of the accident and therefore was barred by sec. 95.24, Florida Statutes, F.S.A.; and (2) the contributory negligence of beneficial plaintiff, Cheston. The defendant also filed a motion for summary judgment alleging that there was no issue of material fact and that defendant was entitled to judgment as a matter of law.
After a hearing was held on defendant’s motion for summary judgment, the lower court entered an order granting summary final judgment to defendant on the grounds that the action was barred by section 95.24, Florida Statutes, F.S.A. Thereafter plaintiff took this appeal..
Section 95.24, Florida Statutes, F.S.A., provides that no action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property, unless brought within twelve months from the time of the injury. The injury in this case occurred on February 19, 1957. This suit was instituted on February 16, 1959.
Section 440.39(4), Florida Statutes, F.S. A., provides that if the injured employee or his dependents fail to bring suit against the third party tort-feasor within one year after the cause of action thereof shall have accrued, the insurance carrier may institute suit against such third party tort-feasor.
It is clear that there is an apparent conflict between the two statutes. The plaintiff had no cause of action against the defendant until the claimant had received compensation benefits and had failed to commence an action against the defendant within twelve months from the time the cause of action accrued. In determining when a cause of action accrues the Supreme Court stated in Cristiani v. City of Sarasota, Fla.1953, 65 So.2d 878, 879:
“The general rule seems to be that actions for personal injury based on the wrongful or negligent act of another accrue at the time of the injury and that the statute of limitations begins to run at the same time. The running of the statute is not postponed even though the injury may not materialize or be discovered till later. 54 C.J.S. Limitations of Actions § 169; 34 Am.Jur., Limitations of Actions, § 160; Canada Dry Bottling Co. v. White, 153 Fla. 70, 13 So.2d 595.”
We accordingly hold that claimant’s cause of action accrued at the time of the *802 accident or misfortune which caused his injury. Any other interpretation of section 95.24, Florida Statutes, F.S.A., would render confusing and uncertain the time at which claims covered by it are barred.
The rights of plaintiff carrier under the workmen’s compensation law are wholly the creature of the statute and are based upon the cause of action which the claimant had against the defendant city and subject to the limited subrogation rights under the terms and conditions set forth in section 440.39, Florida Statutes, F.S.A., Cushman Baking Co. v. Hoberman, Fla.1954, 74 So.2d 69. Thus the failure of the claimant to institute an action against the negligent third party within one year operates as an assignment to the carrier of the cause of action in tort. Consequently, the carrier’s suit can necessarily only be upon the cause of action in tort which the claimant could have instituted. The carrier acquires only such rights as were at the time vested in the claimant. See Annotation 41 A.L.R.2d 1044.
Claimant’s cause of action against the defendant city being one for recovery of damages for personal injuries and, therefore, subject to the one year limitation on such actions, the cause of action is not changed by the fact that the carrier is the plaintiff. The action remains as one for personal injuries to the claimant and, therefore, subject to the same statute of limitations. Thus we conclude that the claimant’s rights, having been barred by section 95.24, the carrier’s rights, derived by operation of section 440.39(4), are likewise barred by section 95.24. Although there apparently is no Florida decision on this point, our holding is in accord with the majority view as set forth in Annotation 41 A.L.R.2d 1044.
The appellant contends that insurance carriers under this holding would be denied their right to recover their losses where municipalities were involved as third party tort-feasors. It is not a function of the courts through judicial decision to propound remedial legislation. Any action to alter this apparent conflict is properly a function of the legislature and not of the judiciary.
For the reasons assigned herein, we are of the opinion that the lower court must be and is hereby affirmed.
Affirmed.
SHANNON, J., and SMITH, FRANK A., Associate Judge, concur.