### McADAMS v. ARMORED CAR SERVICE, Inc., et al.
No. 60 L 2091.

Circuit Court, Dade County.
May 18, 1961.

Dean, Adams, Fischer & Gautier, Miami, for plaintiff.

Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for defendants.

Wakefield & Underwood, Miami, for workmen's compensation lienor.

PHILLIP GOLDMAN, Circuit Judge.

This cause came on to be heard upon motions by both the plaintiff and the Home Indemnity Co. (hereinafter referred to as the carrier), the workmen's compensation lienor, for an order of proration pursuant to §440.39, Florida Statutes 1957. The parties stipulated (and the court agrees) that this proceeding is governed by the law as it existed *prior* to the amendments made by the 1959 session of the Florida legislature. The essential facts (none of which are in dispute) are these —

On *March 16, 1959,* George McAdams, suffered a compensable industrial accident which also gave rise to a cause of action against third party tort-feasors. Thereafter, on or about *June 22, 1960* (in excess of a year after the cause of action accrued) this action was instituted by the *employee-plaintiff*, George McAdams, through attorneys of his choosing. Some months (September of 1960) *after* suit was filed against the third party tort-feasors, compensation benefits were paid for the first time. Shortly thereafter, on September 22, 1960, the carrier filed its notice of lien pursuant to the appropriate provisions of §440.39.[1]

In due course the action against the third parties was settled for $70,000. As of the date of settlement, March 21, 1961, the plaintiff had received benefits under the workmen's compensation act in the total amount of $5,393.05.[2]

Now, "equitable prorations" as such may be "old hat", but this proceeding has a novel twist which requires something more than a perfunctory disposition. The "unusual" arises from the heretofore noted history that, while the *employee-plaintiff* brought and

---

1. At the hearing there was some argument with reference to notice. If this is material, the correspondence in evidence establishes that both the employee-plaintiff and the carrier were kept fully informed as to what was going on.

2. In addition, the carrier is liable to the plaintiff for future benefits payable under the act in an amount that could, if necessary, be readily determined.

controlled the third party action, he did not do so within one year after the cause of action accrued. The significance of this may be seen from a cursory examination of the material portions of §440.39 as it existed when the cause of action in question accrued —

(3) In actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney, such proration of court costs and attorney's fees to be made by the judge of the trial court upon application therefor and notice to adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit, or their attorneys of record.

(4) If the injured employee or his dependents, as the case may be, shall fail to bring suit against such third party tort-feasor within one year after the cause of action thereof shall have accrued, the employer if a self-insurer, and if not, the insurance carrier, may institute suit against such third party tort-feasor either in his own name or as provided by subsection (3) of this section, *and in the event suit is so instituted,* shall be subrogated to and entitled to retain from any judgment recovered against or settlement made with such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including attorney's fees expended in the prosecution of such suit, to be prorated as provided by sub-section (3) of this section. The remainder of the moneys derived from such judgment or settlement to be paid to the employee or his dependents, as the case may be. (Italics added.)

The carrier contends that, since this action was not instituted against the third party tort-feasor within one year after the cause of action accrued, subsection (4) above applies and, pursuant thereto, it is entitled to — "All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to

its present value . . ." instead of simply a proration of "compensation benefits paid" as provided in subsection (3).[3]

At first blush this contention appeared to have merit. However, careful consideration of the statute — the language employed, the draftsman's format and the purpose sought to be accomplished — requires that this statutory construction be rejected.

This is so for a number of reasons — First, this construction completely overlooks the use of the permissive "may". The statute says that "if the injured employee [the plaintiff here] . . . shall fail to bring suit . . . the insurance carrier, *may* [do so]".

In addition, subsection (4) goes on to say that the benefits therein "spelled out" (and here sought by the carrier) are available *"in the event suit is so instituted."* The phrase "so instituted" can only refer to an action instituted by the insurance carrier, (or a self-insured employer).

Moreover, the over-all statutory format of subsection (4) also militates against the carrier's contention. This is so because the rights granted the carrier therein are all cast in "retention language" — that is to say language setting forth what the carrier may *retain* from the proceeds of the judgment or settlement. This presupposes (and is premised upon the assumption) that the carrier brought and controlled the action and holds the proceeds of any such judgment or settlement — which, of course, is not true in the case at bar.

In sum, the court concludes that a carrier (or self-insured employer) is entitled to the benefit of the "retention provisions" of subsection (4) if, and only if, it exercised the prerogative, and thereby assumed the burdens therein provided of instituting and prosecuting the action against the third party tort-feasor — something that admittedly was not done here.

Interestingly enough (but with a different objective in mind) the plaintiff-employee likewise relies in part upon subsection (4) of §440.39 in support of its primary contention that the carrier is entitled to absolutely nothing.

Plaintiff's argument goes like this — subsection (3) of 440.39 applies only when the "third party action" is brought within one year after the cause of action accrued, and subsection (4) applies

---

3. See Arex Indemnity Co. v. Radin, Fla., 77 So. 2d 839, for a discussion of the distinctions between subsections (3) and (4).

to actions which are not brought within one year provided such actions are brought by the carrier (or self-insured employer). Since this action was not brought within one year, subsection (3) does not apply and since the carrier did not bring the action, subsection (4) does not apply. Hence, there is no statutory authority for subrogation in a case such as this. That being so the carrier cannot recover at all because it is elementary law that the right of a compensation insurer to subrogation occurs solely by virtue of a statutory grant. Brinson v. Southeastern Utilities Service Co., Fla., 72 So.2d 39; Fidelity and Casualty Co. of N. Y. v. Bedingfield, Fla. 60 So. 2d 489.

The fallacy in this argument seemingly is that it is based in part upon a faulty premise — the assumption that the subrogation rights set forth in subsection (3) apply only to actions brought within one year after the cause of action has accrued.

A careful reading of subsection (3) will reveal that it is not subject to any such one year limitation. In fact it contains no time-limiting language whatsoever. Nor, when read in pari-materia with subsection (2), does it appear that any such time limitation was intended.

True, after one year the carrier *may* assume the burden (and reap the benefits) of instituting, prosecuting and controlling the action against a third party tort-feasor, as provided in subsection (4), but failure or refusal to so do does not constitute an abandonment of its more limited subrogation rights, authorized by subsection (2) and provided for in subsection (3) of §440.39. And the court so finds.

Finding as the court does, that the carrier is entitled to an equitable proration pursuant to subsection (3) of §440.39, as the same existed prior to the changes made by the 1959 session of the legislature (Florida Statutes 1957), it is therefore only necessary to consider "compensation benefits *paid*" by the carrier, Baughman v. Aetna Casualty & Surety Co., Fla., 78 So. 2d 694, which in the instant case totaled $5,393.05.

On the basis of the foregoing, the stipulated facts and the evidence presented (as set forth in the transcript) at the proration hearing held on April 10, 1961, and an examination and evaluation of the file in the action against the third party tort-feasors, the court finds and determines that the carrier's pro rata share of the settlement proceeds for compensation benefits paid under chapter 440, Florida Statutes 1957, less its pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney, is $1,078.60.

It is accordingly ordered that the Home Indemnity Co. is entitled to receive the sum of $1,078.60 as its pro rata share of the settlement proceeds for compensation benefits paid to the employee-plaintiff under the provisions of the then applicable workmen's compensation law (chapter 440, F.S., 1957) and the plaintiff is ordered to pay such amount from the recovery in this cause.