ANDREWS, Judge.
The plaintiff, American Mutual Liability Insurance Co., appeals a final judgment entered for the defendant, City of West Palm Beach, pursuant to an order granting defendant’s motion to dismiss the second amended complaint.
Plaintiff brought this action in his sub-rogated capacity as workmen’s compensation insurance carrier under F.S.A. § 440.39(4) to recover damages for personal injuries sustained by Ivy Messer as the result of the city’s negligence. The suit was instituted by the carrier on July 26, 1963, one day prior to the expiration of a year after the occurrence of the accident. The injured party had not brought an action against the third party tort-feasor and the plaintiff alleges that Messer had advised the insurance carrier that he would not bring suit in his own behalf against the city. The trial judge granted defendant’s motion to dismiss on the ground that plaintiff did not have a cause of action under F.S.A. § 440.39(4) (a) because at the time of filing the original complaint less than a year had expired since the occurrence of the accident.
The issue, whether the plaintiff carrier has the right to bring this suit, is before the court as a result of the dilemma created by conflict in the provisions of F.S.A. § 440.39(4) (a) and F.S.A. § 95.24. F.S.A. § 440.39(4) provides that, if the injured employee or his dependents fail to bring suit against the third party tort-feasor within one year after the cause of action thereof shall have accrued, the insurance carrier may institute suit against such third party tort-feasor. F.S.A. § 95.24 provides that no action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property unless brought within twelve months from the time of the injury.
The problem confronting the carrier is that, if the carrier has no cause of action against defendant until the claimant has received compensation benefits and has failed to commence an action against the defendant within twelve months from the time the cause of action accrued, as provided by F.S.A. § 440.39(4) (a), then the cause of action once arising will become barred through the operation of F.S.A. § 95.24.
The conflict between these two statutes was recognized by the court in the case of United States Casualty Co. v. Town of Palm Beach, Fla.App.1960, 119 So.2d 800. There the court pointed out that the rights of plaintiff insurance carrier under the workmen’s compensation law are wholly the creature of the statute, are based upon the cause of action which the claimant has against the defendant city and are subject to the limited subrogation rights under the terms and conditions set forth in F.S.A. § 440.39. The court held that, since the action had not been brought against the defendant city within twelve months, the cause of action was barred by F.S.A. § 95.24. The court answered the carrier’s contention that insurance carriers would be denied their right to recover their losses where municipalities were involved by pointing out that it is not the function of the courts through judicial decision to propound remedial legislation and that any action to alter the apparent conflict between F.S.A. § 440.39(4) and F.S.A. § 95.24 is properly a function of the legislature. United States Casualty Co. v. Town of Palm Beach, supra, at page 802.
Plaintiff urges that, while the court in the United States Casúalty Co. case recognized the apparent conflict between the two statutes involved, that case is not 'controlling here because there the sole inquiry was whether the carrier’s suit was *176 barred after one year by F.S.A. § 95.24. Plaintiff submits that the question in the instant case is whether the statutory cause of action under F.S.A. § 440.39 accrues to plaintiff prior to the expiration of the one year interval, and, if so, whether the renunciation by the injured claimant operates to permit assertion of the cause of action by the carrier prior to expiration of one year?
Plaintiff contends that F.S.A. § 440.39(4) (a) must be considered in pari materia with F.S.A. § 440.39(2). Under such a construction plaintiff argues that the carrier’s subrogated interest accrues upon payment of compensation benefits without regard to a one-year interval. Plaintiff submits that the 'practical effect of F.S.A. § 440.39(4) (a) is to suspend the carrier’s right to assert the accrued sub-rogated interest for one year. Plaintiff then argues that the one-year suspension is for the benefit of the injured claimant .and that the claimant can waive the right to bring suit thereby allowing the carrier to institute suit before the expiration of one year.
Plaintiff’s attempt to avert the inequitable result created by the conflict between F.S.A. § 440.39(4) (a) and F.S.A. § 95.24 fails for two reasons.
First, the two sections, F.S.A. § 440.39 (2)and F.S.A. § 440.39(4) (a), are two separate and distinct provisions setting forth the carrier’s limited right of subrogation in two distinct situations. F.S.A. § 440.39 (2) provides that, when a carrier has paid compensation benefits to an employee, then to that extent it shall be subrogated to the rights of the employee against such third party tort-feasor as provided by subsection (3) of F.S.A..§ 440.39. F.S.A. § 440.39(3) defines the limited nature of this right of subrogation, confining 'it to the right to a lien on the .judgment recovered by the claimant when the claimant has brought suit against the third party tort-feasor. See Arex Indemnity Company v. Radin, Fla. 1955, 77 So.2d 839. Thus, it is clear that F.S.A. § 440.39(2) is to be read in pari materia with F.S.A. § 440.39(3), which covers the situation where the claimant has either brought suit or has settled his claim against the third party tort-feasor.
It is, therefore, apparent that F.S.A. § 440.39(2) has no bearing where the claimant has taken no action against the third party tort-feasor. F.S.A. § 440.39(4) (a) clearly defines the limited subrogated interest of the carrier where the claimant has not filed suit. Therefore, the carrier’s subrogated interest accrues, if at all, within the provisions of F.S.A. § 440.39(4) (a). Under that section the plaintiff has no cause of action against the defendant until the claimant has received compensation benefits and has failed to commence an action against the defendant within twelve months from the time the cause of action accrued. United States Casualty Co. v. Town of Palm Beach, Fla.App.1960, 119 So.2d 800.
Secondly, under the Workmen’s Compensation Act prior to the 1951 amendment the carrier occupied the position with respect to the year interval now enjoyed by the claimant. Under the act, as it then existed, the carrier could waive the right to institute suit prior to the expiration of one year. Laws of Florida 1947, Chapter 23822, Section 1. Plaintiff argues that, if the carrier could waive the right to bring suit, then there is no reason why the claimant cannot do so under the present act. However, the act, as it then existed, expressly provided for the waiver to be in writing. We also note that the present act contains no provision for waiver by the claimant, and, if anything, this omission indicates that the carrier’s right to bring suit does not accrue until one year after the occurrence of the accident.
 We, therefore, hold that the carrier’s right of subrogation does not accrue until twelve months has expired and the injured claimant has failed to bring a suit against the tort-feasor during that time.
*177 We agree with the court in the United States Casualty Co. case, supra, that any action to alter this apparent conflict is properly a function of the legislature and not of the judiciary.
Affirmed.
SMITH, C. J., and MELVIN, WOODROW M., Associate Judge, concur.