**BITUMINOUS CASUALTY CORPORATION, an Illinois corporation, et al., v. CARRIE NELSON WILLIAMS, et al.**

17 So. (2nd) 98                                    January Term, 1944
February 22, 1944                                             Division B
Rehearing Denied March 21, 1944

192

*Polhill & Simmons* and *Mabry, Reaves, Carlton & White,* for appellants.

*Casler & Douglas* for Carrie Nelson Williams, *McMullen, McMullen & Pogue* for Todd Tucker, as Sheriff of Pinellas County and *Ralph Richards,* for City of Clearwater, appellees.

SEBRING, J.:

Oscar Marvin Williams was employed by the City of Clearwater. On May 19, 1941, he sustained injuries as the result of a collision between a truck which he was operating and an automobile owned by one H. G. Forester and being driven by one Frieda Hackney Forester. A few days after the collision Williams died from the injuries sustained. Carrie Nelson Williams, wife of the deceased employee thereupon filed a claim for compensation under the Workmen's Compensation Law on behalf of herself and two minor children. Within the time required by law, Mrs. Williams also gave notice to the employer and the Florida Industrial Commission of her election to receive compensation from the em-

ployer instead of to proceed against Forester to recover damages for the wrongful death of her husband. The City of Clearwater, and Bituminous Casualty Corporation, who was and is its insurance carrier in the case, have recognized Mrs. Williams' claim as compensable, and since her election the carrier has assumed the obligation of paying, on behalf of the employer, all compensation benefits required to be paid in accordance with the provisions of the Workmen's Compensation Law.

After the election by Mrs. Williams to receive compensation in lieu of pursuing her claim for damages against the third party tort-feasor, the insurance carrier, as subrogee of the wrongful death claim against Forester, employed Mr. George B. Carter, an attorney at law, to sue Forester on the claim, agreeing to pay Carter a contingent fee of one-third of any amount recovered in the suit. Carter promptly instituted suit against Forester, in the name of the City of Clearwater for itself and for the use and benefit of the widow and minor children. In due course the plaintiff recovered a verdict and judgment against Forester in the sum of $7,000.00. Immediately after the recovery of the judgment but before satisfaction thereof Mrs. Williams and her minor children brought this present suit in equity against the Sheriff of Pinellas County to enjoin the sheriff from paying over to Bituminous Casualty Corporation, or to Carter, any money recovered on the judgment. Bituminous Casualty Corporation and George B. Carter were made parties defendant in the suit.

The substance of the bill of complaint is that Carter was employed by Bituminous Casualty Corporation as attorney to prosecute the claim for damages against Forester for the death of Williams without the knowledge or consent of the plaintiffs in the suit, although as dependents they had a potential beneficial interest in any recovery that might be had on the claim; that during the pendency of the common law action and before trial Forester had offered to Carter in settlement of the claim a sum of money greatly in excess of the $7,000.00 ultimately recovered, the amount offered being amply sufficient not only to indemnify Bituminous

Casualty Corporation for payments it had made or had become obligated to make to the dependents but also to provide a considerable excess over and above such amounts, which excess, under the compensation laws (Sec. 440.39 Florida Statutes, 1941) would have been payable to the plaintiffs; that despite plaintiffs' interest in the suit Carter had arbitrarily refused to consider the offer of compromise or make its terms known to the plaintiffs, although they would have accepted the offer had it been submitted to them; that the judgment of $7,000.00 was insufficient in amount for anything to be realized therefrom by the plaintiffs, if Carter and the compensation carrier were to be allowed an attorney's fee and also to retain amounts sufficient to indemnify the insurance carrier for payments made and required to be made to plaintiffs under the compensation laws. It is asserted in the bill of complaint that because of the employment of Carter by Bituminous Casualty Corporation without the approval of the plaintiffs, and because of his arbitrary refusal to submit the offer to compromise to them, the proceeds of the judgment should be disbursed to the compensation carrier and to plaintiffs on the same basis as though the offer of settlement pending suit had been accepted and the proceeds received. It is also averred that an attorney's fee to Carter should not be allowed out of the judgment for the reason that at the time Carter was employed as attorney in the case he was then a duly appointed and acting deputy commissioner of the Florida Industrial Commission and that Bituminous Casualty Corporation was one of the principal carriers of compensation insurance in the State of Florida; that accordingly the employment contract between them was void as against the public policy and not enforceable.

The prayer of the bill is that a declaratory judgment be entered adjudicating the respective rights of the parties to the funds in the hands of the Sheriff of Pinellas County; that he be directed to pay to the dependents of Oscar Marvin Williams, deceased, such sums out of the judgment recovery as will compensate them for the amounts that they should have received had the compromise offer, made by Forester before judgment, been conveyed to them with an opportunity

to accept same. It is likewise prayed that it be found that the contract of employment between Bituminous Casualty Corporation and Carter is contrary to public policy and that as against the dependents the insurance carrier and its attorney be precluded from taking an attorney's fee from the proceeds of the judgment recovered against Forester.

The answers of Bituminous Casualty Corporation and Carter admitted that an offer of settlement was made by Forester pending suit but say that the full particulars thereof were made known to the dependents, or their attorney, who agreed with Carter that the offer should not be accepted because not sufficient in amount. The answers admitted also that Bituminous Casualty Corporation is an insurance carrier under the Compensation Laws of Florida, and that Carter is a deputy commissioner of the Florida Industrial Commission although without jurisdiction in the County of Pinellas where the death claim arose, his district embracing only the counties of Lake, Marion, Orange, Seminole and Volusia. The answers explained that Carter was employed by the Florida Industrial Commission at a fixed salary on a part-time basis only, his duties being to conduct hearings on claims arising under the Workmen's Compensation Law and to write compensation orders following decisions on such claims, and that no statute, court decision, rule or regulation prevented him accepting such employment.

Testimony was taken on the issues. At the conclusion of the hearing the chancellor found that Carter had acted in reasonably good faith in rejecting the offer of settlement only after the terms of the offer had been made that the settlement be consummated; hence, Bituminous Casualty Corporation should not be penalized for Carter's refusal to accept the settlement. As to the employment contract to prosecute the suit against the third party tort-feasor, the chancellor found "that the contract of employment between George B. Carter and the Bituminous Casualty Corporation, as the same effects the rights of the plaintiff in this cause, is void as against public policy since the said George B. Carter was at the time of the employment a deputy commissioner of the Florida Industrial Commission and the Bituminous Casualty

Corporation was one of the leading carriers of compensation insurance in the State of Florida."

The final decree found the equities of the suit to be with the plaintiffs, adjudged the contract of employment between Bituminous Casualty Corporation and Carter to be void as against public policy, and ordered the Sheriff to disburse the $7,000.00 in his hands by paying to the insurance carrier the sum of $5101.15, representing doctor and hospital expenses, court costs, witness and investigation fees and amounts payable as compensation, and the remainder to the plaintiffs. The court refused any allowance for an attorney's fee to the compensation carrier, and declined to allow the compensation carrier to deduct the sum of $150.00 from the fund, which had been paid out by the compensation carrier as funeral expenses.

Bituminous Casualty Corporation and Carter have appealed from the final decree, assigning as error the Court's adjudication that Carter's contract of employment with the insurance carrier was void as against public policy, the denial of attorney's fees to the insurance carrier, and the refusal to allow out of the proceeds of the judgment the amount expended by the carrier for funeral expenses. The plaintiffs below have cross-assigned as error the refusal of the trial court to grant damages to the plaintiffs for the failure and refusal of Carter, or the Bituminous Casualty Corporation, to transmit to them the offer of settlement made prior to recovery of judgment in the common law suit.

We shall first dispose of the cross-assignment of error suggested by the plaintiffs below. The chancellor specifically found that Carter had acted in reasonably good faith in rejecting the offer of settlement made by Forester pending the suit, and that consequently Bituminous Casualty Corporation should not be penalized for Carter's refusal to accept the offer of settlement. We think that the chancellor's finding on this point is amply supported by substantial evidence and should not be disturbed. We hold, therefore, that the cross-assignment of error is without substantial merit.

The only other questions presented are those raised by the appellants concerning the validity of the employment

contract, and the propriety of allowing the amount paid out for funeral expenses to be recovered by the insurance carrier out of the proceeds of the judgment against the third party tort-feasor.

As we understood the final decree in the case the chancellor struck down the employment contract between Carter and the insurance company as illegal and void on the sole premise that as Carter was a deputy commissioner for the Florida Industrial Commission on part-time employment and Bituminous Casualty Corporation was the writer of compensation insurance under the Florida Workmen's Compensation Law no valid contract could be made between them for the performance of service.

It is only in clear cases that contracts will be held void as contrary to public policy as it is a matter of great public concern that freedom of contract be not lightly interfered with. When a particular contract, transaction, or course of dealing is not prohibited under constitutional or statutory provision, or prior judicial decision, it should not be struck down on the ground that it is contrary to public policy, except it be clearly injurious to the public good or contravene some established interest of society. Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761; Prudential Ins. Co. of America v. Prescott, 130 Fla. 11, 176 So. 875; Knott v. State, 136 Fla. 184, 186 So. 788; Ireland v. Craggs, 56 Fed. (2nd) 785. Courts, therefore, should be guided by the rule of extreme caution when called upon to declare transactions void as contrary to public policy and should refuse to strike down contracts involving private relationships on this ground, unless it be made clearly to appear that there has been some great prejudice to the dominant public interest sufficient to overthrow the fundamental public policy of the right to freedom of contract between parties sui juris. The contract under consideration involves no violation of constitution or statute or judicial decision, so far as we are advised. It is not contrary to any administrative rule or regulation of the Florida Industrial Commission pertaining to the conduct of its deputy commissioners. It does not relate to anything in connection with Carter's official duties. It is not in

connection with any matter pending, or that could possibly have become pending, before Carter officially. It has nothing to do with the insurance carrier's obligation to pay compensation to the dependents of the deceased employee, as that obligation had become fixed under the compensation laws when the employer and the insurance carrier had recognized the compensation claim as compensable. We are of the opinion, therefore, that no violation of public policy has been made to appear (Wright & Co. v. Adkins [Fla.], 12 So. 2nd 296), and that the compensation carrier is entitled to a reasonable fee for the services of its attorney in pursuing the death claim to successful conclusion.

The amount of the fee should be determined by the Industrial Commission in accordance with the statute and charged to the entire recovery against the third party as a lawful expense incurred and authorized by Section 440.39, Florida Statutes, 1941. In no event may the fee allowed exceed one-third of the amount recovered in the judgment, as this was the maximum amount agreed to by the contracting parties in their employment contract.

The remaining question is whether the item of $150.00 paid by the insurance carrier for funeral expenses is allowable to the carrier out of the proceeds of the judgment recovered against the third party tort-feasor.

Upon the death of her husband Mrs. Williams filed her claim for compensation benefits. She likewise gave written notice of her election to receive compensation rather than to pursue her claim for damages against Forester. The effect of the election to take compensation was to assign her cause of action against the third party for the wrongful death of her husband to his employer, City of Clearwater, and to subrogate the insurance carrier to the remedy of the claimant to the extent necesary to fully indemnify the insurance carrier for all payments required to be made in accordance with the compensation laws. Sweat v. Allen, 145 Fla. 733, 200 So. 348. Section 39, Chapter 18413, Laws of Florida, 1937, which is substantially the same as present Section 440.39, Florida Statutes, 1941, expressly provides that in case of recovery from a third party tort-feasor by the em-

ployer, "Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"1.  The employer shall retain an amount equal to—

"(a) The expenses incurred by him in respect of such proceedings or compromise (including a reasonable attorney's fee as determined by the Commission).

"(b) The cost of all benefits actually furnished by him to the employee under section 13.  [medical services and supplies].

"(c) All amounts paid as compensation, and the present value of all amounts payable as compensation, . . ."

It was thought by the chancellor that because funeral expenses were not expressly designated as allowable under Section 39 of Chapter 18413 no authority existed to allow the recovery of this item out of the proceeds of the judgment. It is quite true that Section 39 makes no specific reference to the recovery of funeral expenses as such.  But we think that when that section is considered in connection with other applicable sections of the compensation law the legislative intent that the employer, or the insurance carrier, shall be completely indemnified for all amounts paid or obligated to be paid to the claimant in accordance with the provisions of the law becomes manifestly clear.  Section 39 allows the retention out of the proceeds of the recovery against the third party of "all amounts paid as compensation."  The phrase "all amounts paid as compensation" is undoubtedly used, in connection with death claims, in the same sense as it used in Section 16 of Chapter 18413, Laws of Florida, 1937, regulating "Compensation For Death."  (Sec. 440.16, Florida Statutes, 1941).  That Section provides that "If death results from the accident within one year thereafter or follows continuous disability and results from the accident within five years thereafter, the employer shall pay:

"(a)  Reasonable funeral expenses not to exceed $150.00.

"(b)  Compensation, *in addition to the above,* in the following percentages of the average weekly wages, . . ."

It is our view that when Section 39 is considered in the light of Section 16 of Chapter 18413, Laws of Florida, 1937,

ample authority exists under the compensation law for the recovery of funeral expenses not to exceed $150.00.

The decree is reversed with directions that a decree be entered in favor of the appellants in accordance with the views expressed in this opinion.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.