PER CURIAM.
Rupert A. Roberts was killed in Marion County April 29, 1950, while'in the employ of Gainesville Livestock Market, Inc. His wife, Pansy C. Roberts (now Pansy R. Hawes) and his dependent- mother, Clara W. Roberts, survived him. Pansy C. Roberts elected to take workmen’s compensation and filed claim therefor. The Florida Industrial Commission entered an award requiring appellant, the compensation carrier, to pay compensation to Pansy C. Roberts and the dependent mother of the deceased, including other benefits provided by the Workmen’s Compensation Act.
Pansy C. Roberts was paid $150 for funeral expenses and compensation at the rate of $22 per week from May 4, 1950, through October 15, 1950, the date of her marriage to Hawes, in all $670.67. Clara W. Roberts, the dependent ■ mother, was paid compensation for 188 weeks or $4,136, and appellant was at the time obligated to pay her 139% weeks additional compensation to complete the 350 weeks due her, the present value of said payments being $2,-900. The total amount of compensation benefits and present value of payments payable by appellant'to the wife and mother of Roberts was in excess of $7,700.
After Mrs. Roberts elected to take compensation, appellant brought suit to recover for the wrongful death of Roberts and secured a judgment for $36,400 which was ultimately settled for $12,500. ■ After costs and attorneys’ fees were deducted, there was a balance of $7,641.24 to be. distributed under the law. Pansy • C. Roberts/ now Hawes, filed complaint in the appropriate *732 court for declaratory decree contending that appellant was entitled to retain from proceeds of said judgment only an amount equal to the payments made to her with no deduction of amounts paid to the dependent mother. In its answer, appellant contended that it was entitled to retain (1) all payments made to appellee and the dependent mother and (2) the present value of all payments to he made to the dependent mother. It was also contended that as the proceeds available for distribution were less than said amounts, there would be no excess available for distribution to appellee. Both parties filed motions for summary judgment. The trial court entered a final décree in which he granted appellee’s motion and found that as a matter of law appellant was entitled to receive only those sums paid to appellee, totalling $670.67, and directing payment of the balance of the proceeds to appellee. We are confronted with an appeal from the final decree.
The point for determination is whether or not the trial court distributed the proceeds of the judgment- from the wrongful death action in compliance with the applicable statute, Sec. 440.39(4) (a), (3), Florida Statutes,'1949, F.S.A.
The widow having elected to take workmen’s compensation, the carrier was authorized to bring suit to recover for Roberts’ -wrongful death under Subsection 3 of the applicable statute as follows:
“(3) If the employee or his dependents shall accept compensation hereunder or begin proceedings therefor, the employer or, in the event the employer is insured against liability hereunder, then the insurer shall be subrogated to the rights of the employee or his dependents against such third person. The employer or insurer may commence an action in his or its own name and/or in-the name of the injured employee or his dependents against such third person and may recover any amount which such employee or his dependents would have been entitled to recover.”
The distribution of the proceeds of the judgment for wrongful death of Roberts is governed by Subsection 4 of Section 39 above as follows:
“(4) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:
“(a) The employer shall retain an amount equal to:
“1. A reasonable attorney’s fee as determined by the commission and the court costs, in respect of such proceedings or compromise.
“2. The cost of all benefits actually furnished (or to be furnished) by him to the employee under § 440.13, Florida Statutes.
“3. All amounts paid as compensation and the present value of all amounts payable as compensation, such present value to be computed in accordance with a schedule prepared by the commission, and the amounts so computed to be retained by the employer -as a trust fund to pay such compensation as it becomes due.
“(b) The employer shall pay any excess to the person entitled to compensation or to the representative.”
The quoted provisions of the statute define the status and rights of the parties as to the judgment recovered by the carrier. The legislature seems to have contemplated that the insurance carrier or employer be repaid in full before the dependents can come into possession of the excess, if there be any. In her election to take compensation, the widow released her right to damages for her husband’s death and was relegated to the’ right to receive any, excess that may arise from the claim against those responsible for said death. The following cases support this holding, Lovejoy v. Ackis, 153 Fla. 876, 16 So.2d 297; Bituminous Casualty Corporation v. Williams, 154 Fla. 191, 17 So.2d 98.
*733 It follows that in her election to take compensation, under the statute the carrier was permitted to retain all amounfs paid the widow, all amounts paid the dependent mother, including' the present worth of amounts it was obligated to pay her, also including funeral expenses in the sum of $150, in all $7,850/ She (widow) assigned her claim against the tortfeasor to the carrier who secured a net recovery of $7,641.24. She was entitled to share in any excess from this over the amounts due the carrier but there were none to distribute. Under the statute and the quoted decisions, the carrier is entitled to full indemnity before any excess arises for distribution.
The trial court overlooked the requirement of the statute so his judgment is reversed.
Reversed.
DREW, C. J., and TERRELL, ROBERTS and BARNS, JJ., concur.