KANNER, Chief Judge.
The appellant, United States Casualty Company, as compensation carrier, brings to this court the question of whether, after suit has been filed by the employee, such carrier, having filed notice of payment of compensation benefits, is entitled to share in the settlement effected between the employee and the third party tortfeasor and approved by the court prior to trial.
The employee, a minor, through his father on May 6, 1957, filed suit in the circuit court against the third party tort-feasor to recover damages for his injuries, and later, the trial was scheduled to begin on January 27, 1958. On July 22, 1957, the compensation carrier filed notice of payment of compensation and medical benefits, then on January 28, 1958, filed a motion for order of distribution to determine the prorata share of the recovery in this cause to be paid to the carrier. Thereupon, on January 29, 1958, the employee and the third party tortfeasor filed a joint motion to strike and dismiss the motion for order of distribution. On February 5 the employee filed a petition for an order approving settlement and authorizing collection of settlement money and execution of release pursuant to section 45.02, F.S.A. On the same date the court issued an order approving settlement in the amount of $2,-000 for the claim of the employee and authorizing collection of such settlement on behalf of the minor employee and execution of a release of the defendant tortfeasor.
The record is silent as to any notice by the employee to the employer or compensation carrier that suit was being instituted. However, the compensation carrier became *50 advised of the suit and later of the pending settlement. The manner in which this knowledge was acquired is not made to appear.
The appeal emanated from an order by the trial court on April 16, 1958, wherein was granted the joint motion of the employee and the third party tortfeasor to strike and dismiss the appellant carrier’s motion for distribution.
The rationale of the court’s determination is that the compensation carrier, under section 440.39, F.S.A., has no statutory remedy or recourse in this action, since subsection three regulating and prescribing the conditions which appertain to subrogation rights states that notice of payment of compensation and medical benefits “shall constitute a lien upon any judgment recovered.” The omission of the word “settlement,” he concluded, was by legislative intent, since in “subsection 3 the Legislature omitted the word ‘settlement’ however included the same in subsection 4 and tied it together with subsection 5.” He stated further that any clarification should be legislative and not judicial.
Section 440.39, under subsection one, gives the employee the right to bring suit against a third party tortfeasor and at the same time to collect compensation benefits. Subsection two gives the employer or his insurer the right of subrogation where the employee has accepted compensation benefits, subject to limitations and conditions as set forth in subsection three. Then subsection three provides, materially, that
“Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a'notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, * *
Subsection three also specifies conditions and procedure as to subrogation rights where suit has been filed by the employee. Subsection four authorizes the owner or the insurer to sue the third party tortfeasor if, within one year from the date of the accrual of the cause of action, the employee fails to bring suit. It also provides the extent of the subrogation allowable to the employer or insurer under “judgment recovered against or settlement made with” the third party by the employer or insurer. Then subsection five provides that no settlement arising out of cases under subsection four, either before or after the suit is instituted, shall be made except upon agreement of the employee or his dependents and the employer or insurance carrier, as the case may be.
The aim of subrogation clauses within compensation statutes is to give the employer or his insurer who has paid the compensation benefits a means of recoupment. We may here note that many compensation cases are based upon injuries which occur to the employee, not necessarily at the locus of his employment, but through accidents suffered in vehicular collisions during the course of his employment duties elsewhere. Where the injury is caused by a third party tortfeasor, the employee may recover from him all damages proximately resulting from such injury, while the employer or his insurer, through limited subrogation, has the right of recoupment out of the recovery.
The statute attaches conditions under which the rights of the employee are governed on the one hand and under which the right of subrogation can accrue to the employer or his insurer on the other. Under subsection three, where suit is brought by the employee, the employer or his insurer is given no right of control in prosecution of such suit. A source of pro *51 tection granted the employer or insurer is a right to a lien upon the amount recovered, conditioned upon filing a notice of compensation payments as provided by statute and pro rated “upon such equitable distribution of the amount recovered as the court may determine.”
We are here considering a case wherein the employee formally presented to the court his petition for authorization of a settlement, collection of the same on behalf of the minor employee, and release of the third party from further liability. The pertinent part of the petition contains this language:
“That suit was filed on behalf of the plaintiff on May 6, 1957 against Jean Marie Sparling as result of personal injuries arising out of an accident which occurred in Fort Lauderdale, Broward County, Florida.
“That the parties to said suit have reached an amicable settlement of this claim in that the plaintiff, Richard Hume, a minor, is to receive the sum of $2,000.00 in full settlement of his claim against the aforementioned defendant.
“Wherefore, plaintiff prays that this Honorable Court will enter an order approving said settlement and authorizing Eliher Hume, the father and natural parent, to collect the amount of such settlement and to execute a release therefor.”
The decretal part of the court’s order granting this petition reads:
“ * * * it is, therefore
“Ordered, adjudged 'and decreed that the settlement in the sum of Two Thousand ($2,000.00) Dollars for the claim of Richard Hume, a minor, is hereby approved by this Court. It is further,
“Ordered, adjudged and decreed that Eliher Hume, the father and natural parent of the said minor, Richard Hume be, and he is hereby authorized to collect the amount of such settlement and to execute a release of the said defendant upon the payment of such sum.”
It must be recognized that we have before us not only a statement that settlement had been reached, but coupled with it an order of the court authorizing the same. The order of the court determined with finality the rights of the parties affected, because the action itself sought recovery of damages for injuries sustained. The agreement specified a particular sum to be paid as full settlement of the employee’s claim against the tortfeasor. The order completely effectuated the terms of the settlement agreement.
Although the question in the instant cause was not introduced in the case of Insurance Company of Texas v. Rainey, Fla.1956, 86 So.2d 447, 448, yet it may be mentioned that suit was there filed against the third party tortfeasor by the employee and settled. The insurance carrier was brought into the case “for the purpose of determining its 'pro rata share’ of the recovery pursuant to F.S., § 440.39(3), F.S. A., which provides for a lien in favor of the employer or compensation carrier for such share ‘based upon such equitable distribution of the amount recovered as the court may determine.’ ”
We may here emphasize that the carrier, pursuing the statutory requirement in the pending action at law, gave notice of payment of compensation benefits, followed later by a motion for determination of its pro rata share of the amount that might be recovered; and this was done before the entry of the order by the court making effective the settlement. When the statute is considered in its entirety, as applied to subrogation rights, we must conclude that the order thus entered constituted such a recovery as to be within the purview of section 440.39 requiring the trial court to hear and determine the claim interposed *52 by the carrier as provided under subsection three.
The judgment of the court below is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
ALLEN and SHANNON, JJ., concur.