### DAVIS v. RAND FUEL OIL CO., et al.
Nos. 11,191 and 11,240.

Circuit Court, Volusia County.
November 7, 1961.

Howell, Kirby, Montgomery & Sands, Jacksonville and Daytona Beach, for plaintiff in action no. 11,191.

Wesley A. Fink, Daytona Beach, for plaintiffs in action no. 11,240.

Hull, Landis, Graham & French, DeLand, for defendants in both cases.

ROBERT H. WINGFIELD, Circuit Judge.

This cause came on to be heard in chambers at the Halifax Law Center in Holly Hill, Florida, on March 13, 1961, upon the order of this court requiring counsel for the plaintiff in the above action numbered 11,191 and counsel for the plaintiffs in the above action numbered 11,240 to appear before the court and vouch for and show to the court the authority under which they represented the plaintiff, Angus G. Davis, in the respective aforementioned actions. This order was prompted by the plaintiff's motion to strike the fifth defense contained in the defendants' answer in action no. 11,240. The fifth defense alleged that a prior action at law, no. 11,191, had been filed in this court based upon the same cause of action by the plaintiff, Angus G. Davis, and that that previously filed action at law was still pending in this court. Because different attorneys were representing the plaintiff, Angus G. Davis, in each of these actions the court felt it necessary to

require each of these attorneys to show the authority under which they represented the plaintiff, Angus G. Davis, before proceeding with the disposition of the motion to strike the fifth defense contained in the answer filed in action at law no. 11,240.

Prior to this hearing counsel representing Angus G. Davis in each of these actions filed briefs supporting their right to represent this plaintiff, and at the hearing the respective positions of each such counsel were argued at length. Upon the basis of the pleadings, briefs and argument of counsel, and being fully advised in the premises, the court finds as follows —

On October 16, 1959, Angus G. Davis was operating a motor vehicle which was involved in a collision with a motor vehicle allegedly owned by Edgar C. Rand d/b/a Rand Fuel Oil Company. Davis claimed to have received certain personal injuries arising out of this collision. At the time of the collision Davis was acting in the course of his employment by Perma-Stone of Daytona, Inc. Thereafter he made a claim for workmen's compensation benefits from his employer and its workmen's compensation insurance carrier, the Pennsylvania Insurance Company. Compensation and medical benefits were paid to him pursuant to the Florida workmen's compensation law by the insurance company.

For a period greater than one year following the occurrence of this accident, Angus G. Davis failed to commence any action at law for damages arising out of the accident against any third party tort feasor, and on November 28, 1960, the law firm of Howell, Kirby, Montgomery & Sands filed action at law no. 11,191 on behalf of Angus G. Davis against Donald J. Blatch and Edgar C. Rand, d/b/a Rand Fuel Oil Company. A short time prior to that date this law firm had been retained by the Pennsylvania Insurance Company to represent that company for the protection of its subrogation rights pursuant to the Florida workmen's compensation law for payments of compensation and medical benefits to and on behalf of Angus G. Davis as a result of the workmen's compensation claim described above. Subsequent to the filing of this action Angus G. Davis was advised by this law firm that such an action had been filed on his behalf on instructions from the Pennsylvania Insurance Company.

Thereafter, on December 21, 1960, action at law no. 11,240 on behalf of Anne M. Davis and Angus G. Davis, her husband, against Edgar C. Rand, d/b/a Rand Fuel Oil Company and Donald J. Blatch was filed by attorney Wesley A. Fink, representing Mr. and Mrs. Davis. An answer was duly filed in this action containing the fifth defense described above and giving rise to the

question presently before the court. In the opinion of the court the essence of this question is whether the workmen's compensation insurance carrier or the injured employee has the right to institute, maintain, control and conclude an action at law on behalf of the injured employee against the third party tort feasor for injuries and damages allegedly sustained by the employee as a result of the compensable accident under the circumstances described above. After a careful consideration of the law applicable to this question it is the opinion of the court that this question must be answered in favor of the insurance carrier.

The action of the insurance carrier and its attorney in instituting suit on behalf of the injured employee against the third party tort feasor is expressly authorized by the provisions of §440.39(4)(a), Florida Statutes, which provides as follows—

> If the injured employee or his dependents, as the case may be, shall fail to bring suit against such third party tort-feasor within one year after the cause of action thereof shall have accrued, the employer if a self-insurer, and if not, the insurance carrier, may institute suit against such third party tort-feasor either in his own name or as provided by subsection (3) of this section, and in the event suit is so instituted, shall be subrogated to and entitled to retain from any judgment recovered against or settlement made with such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including attorney's fees expended in the prosecution of such suit, to be prorated as provided by subsection (3) of this section. The remainder of the moneys derived from such judgment or settlement to be paid to the employee or his dependents, as the case may be.

The original Florida compensation law enacted in 1935 (Laws of 1935, c. 17481, §39) provided that where an employee is injured in the course of his employment by the negligence of a third party tort feasor, the injured employee could elect either to sue the third party tort feasor in an action at law or to accept workmen's compensation benefits from the employer or the insurance carrier. In the event the employee elected to accept workmen's compensation benefits, his cause of action against the third party tort feasor was automatically assigned to the employer or the workmen's compensation insurance carrier as the case might be. This law was amended in 1937 to set out in detail the proper disposition of the proceeds of any judgment or settlement recovered by the employer or the insurance carrier in a suit against a third party tort feasor. The pertinent sections of this amendment are as follows—

> (4) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

(a) The employer shall retain an amount equal to —

1. The expenses incurred by him in respect of such proceedings or compromise (including a reasonable attorney's fee as determined by the commission).

2. The cost of all benefits actually furnished by him to the employee under § 440.13.

3. All amounts paid as compensation, and the present value of all amounts payable as compensation, such present value to be computed in accordance with a schedule prepared by the commission, and the amounts so computed to be retained by the employer as a trust fund to pay such compensation as it becomes due.

(b) The employer shall pay any excess to the person entitled to compensation or to the representative.

This section of the act was again amended in 1947 to more clearly state the rights of both the employee and the employer or insurance carrier in such cases. However, in 1951 the law was amended drastically by eliminating the requirement that the employee elect his remedy either to sue the third party tort feasor or to accept workmen's compensation benefits. By this amendment the employee is given the right to pursue either or both of these remedies concurrently or consecutively. However, in order to protect the employer and insurance carrier and to avoid a double recovery on the part of the employee, it was provided that the person paying workmen's compensation benefits would have the right to file a notice of payment of such benefits in the action at law brought by the employee against the third party tort feasor, and thereafter, the employer or insurance carrier would be subrogated to a pro rata share of the proceeds of any judgment or settlement which might be recovered by the injured employee. In order that the person paying workmen's compensation benefits might protect himself against loss due to the employee's inadvertence or neglect to file suit against a third party tort feasor, it was further provided that if the employee should fail to bring suit against such third party tort feasor within one year after the cause of action should have accrued, the employee's cause of action would thereupon be assigned to the employer or insurance carrier for one year so that suit could be brought against the third party tort feasor either in the name of the injured employee or the name of the person paying workmen's compensation benefits.

In 1959 this law again was amended to provide that if the person paying workmen's compensation benefits did not file suit against the third party tort feasor within two years of the date of the accidental injury, the cause of action would again revert to the injured employee.

Since the Florida workmen's compensation law was amended in 1951, there have been no changes in the law which would significantly affect the question presently before this court. In allowing an injured employee to pursue both his remedy at common law against a third party tort feasor and his remedy against the employer or workmen's compensation insurance carrier under the workmen's compensation law, the 1951 Florida legislature set up a fairly detailed machinery by which the subrogation interests of the person paying workmen's compensation benefits might be protected. Sub-section 3 of that amendment to §440.39 was as follows —

(3) In actions at law against a third party tort feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney, such proration of court costs and attorney's fees to be made by the judge of the trial court upon application therefor and notice to adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit, or their attorneys of record.

The 1959 amendment to this act retained this sub-section verbatim but redesignated it sub-section (3) (a) and added to it a sub-section (b) which merely established the means by which the circuit judge could determine the compensation carrier's pro rata share in the event the employee's claim was settled rather than reduced to judgment.

It is clear beyond doubt that the law as it existed before 1951 required the injured employee to elect his remedies, and if he chose to pursue his claim under the workmen's compensation law, this election produced an automatic assignment of his cause of action against the third party tort feasor to the person paying him workmen's compensation benefits. In construing this statute in the case of Haverty Furniture Co. v. McKesson & Robbins, 19 So. 2d 59 (Fla. 1944), the Florida Supreme Court held that —

Obviously, if a cause of action against the defendants below arose out of this accident, that cause of action vested immediately and entirely in Mr. Sharp. Thereafter when Mr. Sharp elected to take workmen's compensation under the act, that cause of action was by operation of law assigned to his employer, McKesson & Robbins, Inc., which corporation, under the terms of the act, became subrogated to such cause of action in its entirety, but subject to certain conditions imposed by the act as to the disposition of the proceeds realized from said cause of action and as to any compromise thereof. It was, in effect, a conditional assignment in so far as it concerned the disposition of the amount recovered by the employer on the assigned cause of action or secured by it by way of compromise judicially approved after notice to the assignor, but the cause of action itself was, by the statute, completely assigned and the statutory assignee was entitled to bring action thereon and control the conduct of such action, subject only to those certain conditions set forth in the statute.

See also Newton v. Mitchell, 42 So. 2d 53 (Fla. 1949); Bituminous Casualty Corporation v. Williams, 154 Fla. 191, 17 So. 2d 98 (Fla. 1944).

By the same token it is absolutely clear that in removing from the employee the burden of electing his remedy in cases such as this, the 1951 legislature gave the injured employee only the right to pursue both remedies within a period of one year following the accident. If the employee fails for a period of one year to bring suit against the third party tort feasor, his failure to file suit during such time operates in exactly the same manner as an election to accept workmen's compensation benefits before the 1951 amendment, and the cause of action against the third party tort feasor is automatically assigned to the person paying the workmen's compensation benefits. The language of the present § (4) (a) which gives the employer the right to bring suit against the third party tort feasor after the expiration of one year from the date of injury is very similar to the language of sub-section (c), § 39, of the original workmen's compensation law of 1935. Moreover, sub-section (4) (a) of the present act makes it clear that in the event of a failure by the injured employee to bring suit against the third party tort feasor within one year from the date of injury, the employer or the insurance carrier has the right to institute an action against the third party tort feasor in its own name or in the name of the injured employee and the employer or workmen's compensation carrier, and its attorneys have full power to completely control the conduct of such action, subject only to the statutory requirement that the injured employee must agree to any proposed settlement of the claim against the third party tort feasor. This is particularly evident when sub-section (4)(a) is compared with sub-section (3)(a) of the

act. In dealing with the compensation insurance carrier's right to subrogation on a pro rata basis in actions brought by the injured employee against the third party tort feasor, §(3)(a) provides that the insurance carrier's pro rata share of the recovery for compensation benefits paid to the injured employee shall be reduced by its pro rata share of all court costs expended by the injured employee in the prosecution of the suit including a reasonable attorney's fee for the employee's attorney. On the other hand, in dealing with the disposition of the proceeds of a judgment or settlement recovered by the compensation insurance carrier in an action against the third party tort feasor, §(4)(a) provides that the compensation insurance carrier shall be entitled to retain from any such judgment or settlement all court costs and attorney's fees, to be pro rated "as provided by sub-section (3) of this section." Thus it is stated clearly that where the injured employee neglects to file suit against the third party tort feasor until the expiration of one year from the date of the accident and thereafter suit is filed against the third party tort feasor by the compensation insurance carrier, the insurance company is entitled to retain from the amount recovered a sum to be determined by the circuit judge as the pro rata share of the injured employee in the total court costs and attorney's fees incurred by the insurance company in the prosecution of the suit.

If the clear expression of the legislature needs any amplification, it is certainly contained in the opinion of the Second District Court of Appeal in United States Casualty Co., for the use and benefit of Richard L. Cheston v. Town of Palm Beach, 119 So. 2d 800 (1960). In that case the appellate court held that — "Section 440.39(4), Florida Statutes, provides that if the injured employee or his dependents fail to bring suit against the third party tortfeasor within one year after the cause of action thereof shall have accrued, the insurance carrier may institute suit against such third party tort-feasor. * * * Thus the failure of the claimant to institute an action against the negligent third party within one year operates as an assignment to the carrier of the cause of action in tort."

The foregoing statement from the U. S. Casualty Co. case is quoted with approval in Dickerson v. Orange State Oil Co., 123 So. 2d 562 (2d Dist. Fla. 1960). Moreover, in the Dickerson case the appellate court goes on to state that — "The language employed in the above statute — '* * * the employer * * * shall be subrogated to the rights of the employee * * *' clearly indicates that the employer's right is to proceed to enforce whatever

rights the injured employee possessed against the tort feasor. It should also be noted that the employer is given the right to proceed with the action in the name of the injured employee."

Section (4) (a) of the act so clearly states the right of the workmen's compensation insurance carrier to maintain an action against the third party tort-feasor after the expiration of one year from the date of the injury that such right has never been directly questioned before an appellate court by any injured employee, and the opinions of our appellate courts tacitly assume this right of the insurance carrier. See, e.g., U. S. Casualty Co. v. Hume, 112 So. 2d 49 (2d Dist. Fla. 1959); McCoy v. Florida Power and Light Co., 87 So. 2d 809 (Fla. 1956). The most recent case dealing with this subject is Ruskin v. Travelers Insurance Co., 125 So. 2d 766, (2d Dist. Fla., Jan. 17, 1961). In that case the right of the insurance company to sue the third party tort feasor individually and on behalf of the injured employee was not questioned. Nevertheless, the court stated that right as follows — "It is clear, however, that under section 440.39 (4) (a), Florida Statutes, a compensation carrier may institute a suit in its own name under certain conditions." The court goes on to hold that where suit is filed against a third party tort feasor by the workmen's compensation insurance carrier individually, and for the use and benefit of the injured employee, the trial judge may properly instruct the jury of the insurance company's status in the case.

The principle expressed by this statute and the foregoing cases construing the statute are aptly summarized by the text writers of 14 University of Miami Law Review at pg. 179, (Winter 1959), where it is stated that —

> Under section 440.39(4)(a) if an employee fails to bring an action against a third party tort feasor within one year after the cause of action accrues, the cause of action is automatically assigned to the employer or insurance carrier, whichever the case may be. * * *

> This time limitation provision in the Florida Act is in accord with the provisions of a number of other jurisdictons. Since the employer or insurance carrier is given a right of subrogation under the act, it seems only just that he should be given an opportunity to protect that right. Otherwise, an employee—either through inadvertence or neglect—might be able to defeat the employer's right of subrogation by failure to pursue the remedy against the third party.

In the light of the foregoing it is the opinion of this court that in the absence of any action at law having been filed by the injured employee against the third party tort feasor, upon the ex-

piration of one year from the date of the accident the injured employee's cause of action against the third party tort feasor was automatically assigned to the workmen's compensation insurance carrier for a period of one year. During that second year following the accident the insurance carrier had the sole right to bring an action on behalf of the injured employee and on its own behalf against the third party tort feasor. Such an action could be commenced by the insurance carrier through its own attorneys in the name of the injured employee and for the use and benefit of the employer or insurance carrier. Such an action commenced by the insurance carrier may be maintained, conducted and controlled by the insurance carrier and the attorneys and its only obligation to the injured employee in the conduct of such litigation is to exercise good faith to the employee in presenting his cause of action, submit the amount of any proposed settlement to him for his approval and distribute to him his share of the proceeds of any settlement or judgment in accordance with the provisions of §440.39 (4) (a). Of course, the injured employee may retain his own attorney to represent his personal interest in the prosecution of the claim against the third party tort feasor, but the role of the employee's personal attorney in the conduct of the case will be limited to following the course of the litigation to insure that the insurance carrier and its attorneys exercise good faith to the employee in presenting his cause of action and in distributing to him the share of any judgment or settlement to which he may be entitled under the workmen's compensation law. Compensation for such personal attorney of the employee will not be awarded from the proceeds of any settlement or judgment unless through private contract the employee agrees to pay such attorney a portion of the amount actually distributed to him according to the applicable statutes. Upon the recovery of a judgment or settlement, the insurance carrier shall receive the full amount of its statutory subrogation interest, while court costs, expenses and the fees of the attorneys for the insurance carrier shall be pro rated between the amount awarded to the compensation carrier and the amount distributed to the employee.

It is therefore ordered and adjudged that the motion to strike the fifth defense contained in the answer to the complaint in law action no. 11,240 is denied and the order previously entered staying the course of proceedings in each of these actions is hereby vacated. Upon the court's own motion the claim of Angus G. Davis for his own personal injury stated in count II of the complaint filed in law action no. 11,240 is dismissed, but the claim of Angus G. Davis for his derivative damages from the injury to his wife stated in that count shall continue in force.