169 So.2d 515 (1964)
Virginia W. PURSELL, individually, and as Administratrix of the Estate of Robert Eugene Pursell, Deceased, Appellant,
v.
SUMTER ELECTRIC CO-OPERATIVE, INC., a Florida Corporation, and Gulf American Fire & Casualty Company, Appellees.
No. 4663.
District Court of Appeal of Florida. Second District.
December 11, 1964.
*516 C. Ray Greene, Jr., of Greene, Greene & Kennelly, Jacksonville, for appellant.
Andrew G. Patillo, Jr., Ocala, for appellee, Gulf American Fire & Casualty Co.
SMITH, Chief Judge.
The plaintiff appeals a judgment awarding distribution of an amount previously recovered by plaintiff on a final judgment entered in an action at law. The husband of the plaintiff was killed in an accident caused by a third party tort-feasor which occurred in the course of his employment. The decedent was survived by his widow (the plaintiff) and two minor children. Appellee, the workmen's compensation carrier of the deceased husband's employer, began payments to the widow retroactive to the date of the decedent's death. The plaintiff remarried and compensation payments to her as widow terminated. Then the plaintiff, individually and as administratrix of the estate of her deceased husband, filed her complaint against the tort-feasor under the wrongful death and survival statutes seeking both compensatory and punitive damages. The compensation carrier filed written notice of its claim of subrogation. Thereafter, the plaintiff, the defendant-third party tort-feasor and the compensation carrier entered into a stipulation agreeing to the entry of a final judgment in favor of the plaintiff and against the defendant in the sum of $68,500. This stipulation did not allocate the plaintiff's recovery either between her two causes of action or between the plaintiff and the workmen's compensation carrier. The court entered final judgment in favor of the plaintiff and against the defendant for the total sum specified in the stipulation.
Thereafter, the court heard the parties upon the subrogation claim of the workmen's compensation carrier. The plaintiff and the compensation carrier stipulated the amount of compensation and other benefits paid and to be paid by the carrier by virtue *517 of the death of the plaintiff's husband. This included a breakdown of the amounts paid to the plaintiff as the widow, a breakdown of the amounts paid and to be paid for the benefit of the minor children and an amount representing combined medical and burial expenses. The court entered a judgment detailing its findings and awarding the full amount of all sums paid and to be paid by the workmen's compensation carrier (less its pro rata share of the plaintiff's attorney's fees) to the carrier and the balance to the plaintiff.[1] It is from this order distributing the sum recovered by the final judgment that the plaintiff appeals, contending in effect that a workmen's compensation carrier is entitled to recover only the amount of compensation and other benefits paid to the plaintiff as the widow of the deceased employee and that the court erred in ordering the plaintiff-widow individually to pay the compensation carrier sums representing amounts which the carrier had paid or would pay for the benefit of minor children.
The parties agree to the facts so we have for determination only the application of the proper principles of law to the facts. The applicable provisions of the Workmen's Compensation law are set forth in § 440.39, Fla. Stat., F.S.A., as follows:
"(1) If an employee * * * is * * * killed in the course of his employment by the * * * wrongful act of a third party tort-feasor * * his dependents, may accept compensation benefits * * * and at the same time * * * pursue his remedy * * * against such third party tort-feasor.
"(2) If * * * his dependents shall accept compensation or other benefits under this law * * * the insurer, shall be subrogated to the rights of his * * * dependents against such third party tort-feasor, to the extent of the amount of compensation benefits paid or to be paid as provided by subsection (3) of this section.
"(3) (a) In all claims or actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the * * * employer's insurance carrier, in the event compensation benefits are claimed or paid * * * Upon suit being filed * * * the insurance carrier * * * may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents * * * and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine * * *."
We are of the view that the foregoing quoted provisions of the act clearly authorize an award to a workmen's compensation insurance carrier based upon compensation paid or to be paid for the benefit of minor children, as well as benefits paid or payable to a surviving widow, in circumstances such as those before us. This *518 conclusion is fortified by decisions of the Supreme Court which we determine to be at least persuasive by analogy.
Where the relationship of employer and employee exists and the terms of the Workmen's Compensation Act have not been rejected, then the act becomes a part of the contract of employment. Chamberlain v. Florida Power Corporation, Fla. 1940, 144 Fla. 719, 198 So. 486. The cited case involved an action by the personal representative of a deceased employee against the employer for wrongful death in which the plaintiff contended that the provisions of the Workmen's Compensation Act making benefits the exclusive remedy against the employer was not applicable because the employee there left no dependents to take compensation. Plaintiff's contentions were rejected by the court which noted that statutes providing an action for wrongful death have no application in such a situation by virtue of the contract of employment. It was further noted that an action for wrongful death exists only by statute and that the legislature could take away this right. Therefore, the legislature could provide as it did that an employee may by contract and the effect of the Workmen's Compensation Act elect to have damages for his death governed by the provisions of the Workmen's Compensation Act.
In Bituminous Casualty Corporation v. Hawes, Fla. 1955, 82 So.2d 731, the deceased employee was killed in the course of his employment at a time when the provisions of the Workmen's Compensation Act required an election between taking benefits under the act and pursuing remedies against third parties. The widow elected to take compensation under the act and benefits were paid by the insured's carrier to the widow and to the employee's dependent mother. Then the widow remarried and remaining benefits were paid only to the dependent mother. The carrier brought suit to recover for the wrongful death of the employee and effected a settlement. The widow contended that the carrier was entitled to retain only an amount equal to the payments made to her without deducting amounts paid to the dependent mother. The court held that the carrier was entitled to reimbursement of all benefits paid to both. Although the requirement in the Workmen's Compensation Act as to making an election has been changed by amendment, the significant feature of the decision rests upon principles and statutory provisions not materially different from those controlling the instant case.
We are of the view that the language of the act is clear and that by its terms it permits a recovery by a workmen's compensation carrier of all compensation benefits payable by virtue of the death of the employee in a proper case, such as this, without regard to what part were actually paid to the widow and what part were actually paid or are to be paid for the benefit of minor children. This recovery of compensation benefits paid or to be paid is subject to other provisions of the act with which we are not now concerned.[2] We fail to see the analogy which the plaintiff attempts to draw between the facts in this case and those in Shelby Mutual Insurance Company v. Russell, *519 Fla. 1962, 137 So.2d 219, because here the legislature has specifically provided for recovery by the workmen's compensation insurance carrier.
We are of the further view that the results reached are square with right and justice because the sums that the carrier has paid and will pay for the benefit of the minor children relieve the widow to that extent of the burden of their support. It therefore does not seem inequitable to require her to reimburse the workmen's compensation insurance carrier for such sums from her recovery. In dollars and cents she remains theoretically whole.
The result which we reach is the same as that determined in Hartford Accident & Indemnity Co. v. McNair, Fla.App. 1963, 152 So.2d 805, where the court rejected a like contention made on cross appeal.[3]
The judgment is affirmed.
ALLEN, J., and KELLY, Clifton M., Associate Judge, concur.
NOTES
[1] The plaintiff offered in evidence an agreement of release and indemnification executed by her individually and as administratrix of the estate of her deceased husband to the third-party tort-feasor. This recited that the plaintiff received the sum of $67,500, individually as surviving widow and the sum of $1,000 as administratrix. It also recited that $14,700 of the sum received individually had been deposited into the registry of the court to be distributed between the plaintiff and the compensation carrier as ordered by the court. Neither the parties nor the court pursued the question of allocation of the carrier's recovery between the different causes of action. Therefore that question is not here for our determination.
[2] At the hearing below the plaintiff offered no evidence that her actual damages exceeded the amount recovered, and she made no request that any award based on future compensation for the benefit of minor children be reduced to present value. The sole point argued by the plaintiff on appeal was that the court should not have ordered the plaintiff individually to pay any sums representing amounts which the carrier had paid or would pay for the benefit of minor children. The carrier replied to that point in its brief. In her reply brief the plaintiff argued for the first time that the award for future compensation for the benefit of the minor children should have first been reduced to present value, and she suggested, indirectly, that the court erred in ordering full reimbursement instead of applying the provision for "pro rata" distribution. Under the circumstances neither of these questions will be considered by this court.
[3] The stipulation in the present case combined medical and burial expenses in one lump sum. Consequently, the question of the propriety of including funeral expenses in the computation of the share due the insurance carrier, determined in the cited decision contrary to the determination made by the trial court in the case at bar, was not presented to the trial court nor to this court and that question is not determined.