199 So.2d 482 (1967)
BANKERS LIFE AND CASUALTY COMPANY, an Illinois Corporation, and Carol City Utilities, Inc., a Florida Corporation, Appellants,
v.
GAINES CONSTRUCTION CO., a Florida Corporation, Appellee.
No. 67-182.
District Court of Appeal of Florida. Third District.
May 31, 1967.
*483 Shutts & Bowen and Herbert L. Nadeau, Miami, for appellant, Bankers Life and Cas. Co.
Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellant, Carol City Utilities, Inc.
L.J. Cushman, Miami, for appellee.
Jepeway & Gassen, Miami, for W.C. Herrell, receiver.
Before HENDRY, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
This interlocutory appeal seeks reversal of an order directing the appellant, Bankers Life and Casualty Company to pay $94,925.36 and interest to the receiver for Carol City Utilities, Inc. The order was entered upon the receiver's petition for order to show cause and appellant's response to the petition. Carol City Utilities has joined in this interlocutory appeal with Bankers Life and Casualty Company.
The order sets out the basis of the court's ruling as follows:
"* * * upon the Response of the said BANKERS LIFE AND CASUALTY COMPANY to the Receiver's Petition for Order to Show Cause and the said Order to Show Cause in which the said BANKERS LIFE AND CASUALTY COMPANY, an Illinois corporation, admitted that the usm of $94,925.36, representing the deposits of customers of CAROL CITY UTILITIES, INC., a Florida corporation, in the principal sum of $93,850.00 and interest in the sum of $1,075.36 upon the said account, had been paid to the said BANKERS LIFE AND *484 CASUALTY COMPANY, an Illinois corporation, on March 25, 1966, and counsel for the respective parties having appeared and argued and it appearing unto the Court that the Petition of the Receiver was well-founded and that the sum of $94,925.36 represents the deposits of customers of CAROL CITY UTILITIES, INC., a Florida corporation, and should be repaid to, and held by, the said Receiver herein for the purposes for which the said deposits were made. * * *"
The petition of the receiver set forth the form of the deposit receipt upon which the utility received the money from its customers. It follows in full:
 "NAME ACCOUNT NO.
 SERVICE ADDRESS
 DATE CERT. NO. AS A DEPOSIT OF AMOUNT
 9310 ____________ DOLLARS
 CUSTOMER'S GUARANTEE DEPOSIT RECEIPT
To guarantee the payment of any and all indebtedness for Sewer Service which may be or become due to Carol City Utilities, Inc. (hereinafter called the company) by said customer. Customer agrees that such deposit or any part thereof may be applied by the company at any time in satisfaction of said guarantee. That after such application the remainder thereof may be applied in discharge of any indebtedness of the customer to the company whatsoever and that the company may use said deposit as if the company were the absolute owner thereof. Upon discontinuance of any or all services covered by this deposit, and the presentation of this receipt and proper identification the company agrees to refund to the customer that portion of the deposit applying to the service of services discontinued less any amounts then due the company.
"This deposit shall not preclude the company from discontinuing for nonpayment any and all services covered by this deposit regardless of the sufficiency of said deposit to cover such indebtedness for such services.
 CAROL CITY UTILITIES, INC.
 By ______________________"
The response filed by appellant alleges that the moneys were part of a $114,259.17 payment made upon an indebtedness of Carol City Utilities and was duly credited thereon.
The question thus presented is whether the money held by the utility was a "trust" fund to be held for the benefit of the depositor, or whether the funds were to be mingled with other corporate funds thereby creating a debtor-creditor relationship. Appellee recovered the funds on the basis that such were trust funds and were wrongfully dispersed. The appellant contends that the deposit agreement gave rise to a debtor-creditor relationship and therefore the funds were general corporate funds which the receiver had no preference to.
We must determine the intent of the parties from the written contract. Arnold v. First Savings & Trust Co. of Tampa, 104 Fla. 545, 140 So. 660, 141 So. 608 (1932). Whether a "debt" or a "trust" is created by payment of money from one person to another depends on the manifested intention of the parties. See Squire *485 v. Oxenreiter, 1936, 130 Ohio St. 475, 200 N.E. 503; Union Properties v. Baldwin Bros. Co., 1943, 141 Ohio St. 303, 47 N.E.2d 983, 149 A.L.R. 725. If the intention is that the money shall be kept or used as a separate fund for the benefit of the depositor, or third person a "trust" is created. However, if the intention is that the person receiving the money shall have unrestricted use thereof, being liable to pay a similar amount with or without interest to the depositor or a third person, a "debt" is created. See Dunlop Sand & Gravel Corporation v. Hospelhorn, 1937, 172 Md. 279, 191 A. 701.
We hold that by the clear wording of the receipt, the money deposited by the individual customers does not constitute a trust fund. The customers paid the money in each instance to secure service and accepted from the company its promise to repay the unused portion of the deposit at some future date. The promise to repay gave rise to a debtor-creditor relationship. This relationship is emphasized and preserved by the specific provision, "* * * the company may use said deposit as if the company were the absolute owner thereof. * * *" It is a principle of construction that the words and phrases used in contracts should be given the ordinary and commonly understood and accepted meaning. Johnson v. Three Bays Properties #2, Inc., Fla.App. 1964, 159 So.2d 924, 4 A.L.R. 3d 565.
The words in the deposit agreement are clear to the effect that the utility company shall have absolute control of the funds. Neither party has attempted to show the usage or custom in such or similar transactions. In the absence of a showing that this contract is forbidden by public policy or some overriding consideration, we are not free to infer a fraudulent or unlawful purpose. See Bituminous Casualty Corporation v. Williams, 154 Fla. 191, 17 So.2d 98 (1944).
We hold that the deposit agreement created a debtor creditor relationship. The order dated January 30, 1967, and entitled "Order Requiring Payment" is reversed.
Reversed.